plainly enjoined, nothing can vindicate such right short of a statutory provision equally explicit with that which enjoins the duty. If the facts with respect to the collusion be as stated in the answer, they furnish sufficient basis for a proceeding at the suit of the city or of a defrauded taxpayer to set aside the contract, as was done in Mazet v. Pittsburgh, 137 Pa. 548.;....but until the contract be judicially declared illegal by reason of the alleged fraud, it is not for the controller to assert its invalidity in justification of a refusal on his part to certify a contract which stands clear of all other objection."

The same conclusion is stated in Vare v. Walton, 236 Pa. 467, and Com. ex rel. v. Tice, 272 Pa. 447, and it has never been doubted by us. It is clear, therefore, that appellant, as city controller, has no standing to challenge, in this proceeding, the right of the city council to make the $4,200,000 loan without the consent of the electors.

The judgment of the court below is affirmed.

---

## Hershey et al. *v.* Brotherhood's Relief and Compensation Fund et al., Appellants.

*Appeals—Interlocutory decree—Quashing appeal.*

A decree overruling preliminary objections to a bill in equity and directing defendants to file an answer on the merits, is interlocutory, and no appeal lies from it.

Argued October 4, 1927. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 5, May 2., 1928, by defendants, from decree of C. P. Dauphin Co., No. 835, Equity Docket, dismissing preliminary objection to bill and directing answer to be filed, in case of Isaac H. Hershey et al. v. Brotherhood's Relief and Compensation Fund et al.

Bill for accounting, receiver, injunction and general relief. Before WICKERSHAM, J.

The defendant filed preliminary objections alleging various grounds for dismissing the bill.

The court overruled the preliminary objections, refused to dismiss the bill, and directed defendants to file an answer to the merits within thirty days. Defendants appealed.

*Error assigned,* inter alia, was decree, quoting record.

*Michael E. Stroup* and *J. Dress Pannell,* for appellants.

*W. Justin Carter, Sr.,* and *W. Justin Carter, Jr.,* for appellees.

PER CURIAM, October 4, 1927:

It appearing the decree appealed from in this case is interlocutory, the appeal is quashed.

---

## Cover v. Hershey Transit Co., Appellant.

*Negligence — Street railways — Infants — Wantonness — Trespassers on bridge—Contributory negligence of parents—Case for jury.*

1. Where infant children trespass on a bridge owned by a street railway company and occupied by its tracks, and are caught by a car, so that they cannot escape, the company will only be liable for their injuries or death if it is shown that the conduct of the motorman under the circumstances was wilful or wanton.

2. If, in such case, it appears that the motorman had ample opportunity to see the children, and the evidence justifies a finding that he did see them in time to avoid the accident but failed to do so, the question whether his conduct was wilful and wanton, or not, is for the jury.

3. In such a case wilful means intentional, while wanton signifies a reckless disregard of the rights of others. To be wilful or wanton, the act must have been done with knowledge.