## Riley et ux., Appellants, *v.* Wooden.

Argued January 19, 1933. Before FRAZER, C. J., SCHAFFER, MAXEY, DREW and LINN, JJ.

*Austin Norris,* with him *Walter A. Gay, Jr.,* for appellants.—The burden of proving the accident did not arise from want of care upon the defendant: Shafer v. Lacock, Hawthorn & Co., 168 Pa. 497; Durning v. Hyman, 286 Pa. 376; Gawronski v. McAdoo, 266 Pa. 449; Lesick v. Proctor, 300 Pa. 347.

The law imposes on the driver of an automobile the duty to have his car under control: Lorah v. Rinehart, 243 Pa. 231; Weschler v. R. R., 293 Pa. 472; Leslie v. Cantanzaro, 272 Pa. 419.

*Raymond A. White, Jr.,* of *Sloan, White & Sloan,* for appellee, cited: Simpson v. Jones, 284 Pa. 596; Hatch

v. Robinson, 99 Pa. Superior Ct. 142; Johnson v. Reduction Co., 305 Pa. 537.

OPINION BY MR. JUSTICE LINN, March 20, 1933:

Plaintiffs, nonsuited below, were injured while traveling with defendant as guests in his Ford car on a Sunday afternoon in May. The car upset on Bridge Boulevard, soon after leaving the Delaware River Bridge, in Camden, New Jersey, in one-way traffic on a concrete-surfaced street at a point where the street was straight. The occurrence was described by plaintiffs, by defendant, called for cross-examination, and by a witness, driving a car ahead of defendant, who saw it reflected in the mirror of his car. They testify that defendant "lost control" of his car; that "the car couldn't stop"; that "he could not stop the car." The "traffic was very heavy." Defendant, apparently not an unfriendly witness, testified: "I lost control of it and turned over"; "was not going any faster than the rest of the traffic. I was not running past any machines, was trying to keep up with the machine going along there." The transaction took less than a minute, according to one witness, and but "a couple of seconds," according to another.

Ordinary care was the measure of defendant's duty to plaintiffs: Simpson v. Jones, 284 Pa. 596. They averred excessive speed and failure to control the car and had the burden of proof. To prove their allegations they rely on the statements that defendant lost control of and could not stop his car. Proof of a possible mistake is not proof of negligence (Simpson v. Jones, supra) ; nor does mere skidding of a car establish negligence of the driver: Hatch v. Robinson, 99 Pa. Superior Ct. 142; Johnson v. American Reduction Co., 305 Pa. 537.

Why did defendant lose control? Why wouldn't the car stop? Various causes would account for it, for some of which he could not be liable; in such circumstances it is held that a plaintiff has not made out his case: Gausman v. Pearson Co., 284 Pa. 348, 352.

452

Plaintiffs say they come within the rule "when the thing which causes the injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care." They have shown a case outside that rule. Compare Stearns v. Spinning Co., 184 Pa. 519, 522. Defendant, though called by them for cross-examination, has explained it, and, as they have not impeached his testimony, they are bound by it: Mathey v. Flory Milling Co., 283 Pa. 331, 337. He described what occurred; apparently told all that he knew about it; from his account it appears that he omitted nothing that he could have done. In applying the rule, "The burden which is thus thrown upon the defendant is not that of satisfactorily accounting for the accident, but merely that of showing that he used due care": Stearns v. Spinning Co., supra. It is not alleged that he was incompetent to drive or cognizant of any defect in the car. It is clear that the cause of upsetting was not excessive speed, because the evidence is that defendant was merely keeping his place in the line of the "heavy" traffic; other cars going at the same rate of speed did not upset. Defendant did not leave the road in consequence of a negligent rate of speed or of inadequate observation, as in Knox v. Simmerman, 301 Pa. 1, relied on by plaintiffs. The accident may have been due to the slippery condition of part of the surface of the road (of which the policeman informed defendant, who testified to it without objection),* or to some suddenly occurring defect in, or

---

* Defendant testified: "A. At this particular spot where I was at, the traffic officer who made the arrest, why, he told me that very recently there had been a horse killed there, and the blood from that horse had made the street slippery. That is what he told me at the station house. Whether that caused the accident or not, I couldn't say."

temporary failure of, the machinery of the car, with nothing in the record to charge defendant for such consequences.

The order refusing to take off the nonsuit is affirmed.