Steach et ux. *v.* Hippensteele (et al., Appellant).

Argued March 21, 1934.   Before FRAZER, C. J., SIMP-SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*John A. Berkey,* for appellant.

*Samuel G. Wagner,* with him *Budd B. Boose, George Y. Meyer,* of *Meyer & Nunnink,* for appellee.

PER CURIAM, May 21, 1934:

Margaret E. Steach, together with her husband, Charles H. Steach, brought an action of trespass against Lew S. Hippensteele to recover damages for injuries received by the wife in an automobile collision while rid-

ing with George Blansett in a car owned and operated by the latter. At the time of the accident, November 11, 1931, defendant's car was being operated by his wife, Rose B. Hippensteele, as agent and employee of her husband. The docket entries show suit was instituted January 7, 1933, and a writ of scire facias to bring in Blansett as additional defendant issued September 18, 1933, with service accepted the same day by defendant's counsel. The court below refused to quash the writ of scire facias and overruled questions of law raised by the additional defendant in an affidavit of defense in the nature of a demurrer, whereupon the present appeal was taken. Counsel for the original defendant has filed a motion to quash on the ground there is no final judgment from which an appeal may properly be taken.

We are of opinion the objection is well founded, and that the refusal to quash a writ of scire facias bringing in an additional defendant under the Act of 1929, P. L. 479, as amended by the Act of 1931, P. L. 663, is an interlocutory order from which an appeal does not lie. See Miller Paper Co. v. Keystone Coal & Coke Co., 275 Pa. 40; Arnold v. Russell Car Co., 212 Pa. 303; Hershey v. Brotherhood's Relief & Compensation Fund, 290 Pa. 550.

Appeal quashed.