Cummings *v.* A. F. Rees, Inc., Appellant.

Argued December 10, 1936.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Richard Henry Klein,* for appellant.

*Carl Rice,* for appellee.

OPINION BY CUNNINGHAM, J., February 26, 1937:

The original defendant in a negligence case has appealed from an order of the court below, making absolute a rule obtained by an additional defendant to show cause why the writ of scire facias, issued under the Act of April 10, 1929, P. L. 479, as amended by the Acts of June 22, 1931, P. L. 663, and May 18, 1933, P. L. 807, 12 PS §141, (Supplement) to bring him upon the record, should not be quashed.

On February 18, 1936, a Plymouth coupe, owned by Hon. H. W. Cummings and driven by J. Paul Garrett, was proceeding south from the city of Sunbury toward the borough of Herndon on State Highway Route 15, while a Dodge coupe, owned by A. F. Rees, Inc., appellant herein, and operated by Harry Gelnett, its servant, agent and employee, on its business, was coming north on the highway. The automobiles collided and the plaintiff below brought an action of trespass against appellant for damages to his car, alleging that its employee was driving on the wrong side of the road. The summons was issued April 3d and was served, along with the statement of claim, on April 6, 1936. It was averred in plaintiff's statement of claim that Garrett had borrowed the Plymouth coupe from plaintiff "and

was operating same for and on account of his own business."

An affidavit of defense was filed May 4th; the ownership by appellant of the Dodge coupe and the agency of Gelnett were admitted, but the averment that Garrett had borrowed the Plymouth coupe from plaintiff and was operating it upon his own business was denied. The substantial defense set up in the affidavit was a denial that appellant's driver had been negligent and an averment that Garrett had caused the accident by driving at an excessive rate of speed and on the wrong side of the highway.

On the same day the affidavit was filed, appellant presented its petition for a change of venue and obtained a rule upon the plaintiff, returnable May 18th, to show cause why its petition should not be granted. Although the affidavit had been filed, the order granting the rule provided that all proceedings, including the time for filing the affidavit of defense, if any, should be "stayed until the further order of the court."

On July 20th the rule for a change of venue was discharged. Prior thereto, appellant issued, on July 16th, a writ of scire facias, returnable August 3d, to bring in Garrett as an additional defendant. The averment of the writ was that he was "jointly or severally liable for the cause of action declared on in this case for the reason that the said J. Paul Garrett so negligently, recklessly and carelessly operated a Plymouth coupe, ...... owned by H. W. Cummings of Sunbury, Pa., as to collide with the Dodge coupe automobile owned by the said A. F. Rees, Inc., original defendant and operated by Harry Gelnett." Service upon Garrett was made on July 17th. The case was ordered upon the next trial list, but could not have been called until the following October.

On August 3d, counsel for Garrett, having entered an appearance de bene esse, presented a petition, and ob-

tained a rule upon appellant, to show cause why the scire facias served upon Garrett should not be quashed. The sole ground for quashing was set out in the eighth paragraph of the petition which reads:

"That the said A. F. Rees, Inc., original defendant, did not proceed in any manner to join the said J. Paul Garrett as an additional defendant or cause to be issued the said writ of scire facias to bring the said additional defendant upon the record promptly and within a reasonable time after the service upon it of the writ of summons in trespass and the plaintiff's statement of claim in said action, nor even within a reasonable time after the return day of said writ and the entry of an appearance thereto or before filing an affidavit of defense." The sufficiency of the scire facias as a pleading was not questioned in any way in the petition.

Appellant's answer set up the stay of proceedings, above mentioned, and averred that the writ had been issued within a reasonable time after the date of service upon appellant and that no harm had come to the additional defendant as "the case could not have been tried under any circumstances until the trial court beginning October 5, 1936." After argument, the court below made the rule absolute and quashed the scire facias.

The common pleas of Northumberland County had not made any rule fixing the period within which such a scire facias must be issued after service of the statement of claim.

The only provision of the statute is that the writ to bring in an additional defendant be issued "as of course." Therefore, the sole question involved under this appeal is whether the court below, under all the circumstances appearing upon this record, abused its discretion in holding that the writ had not been issued within a reasonable time. In *Vinnacombe et ux. v.*

*Phila., & Am. S.,* 297 Pa. 564, 569, 147 A. 826, our Supreme Court said that the trial court "in the exercise of a sound discretion, should give to the original defendant, who acts promptly, a reasonable extra time to bring the additional defendants upon the record, before being required to file an affidavit of defense or plea." In *First National Bank of Pittsburgh v. Baird,* 300 Pa. 92, 150 A. 165, this statement is repeated and reaffirmed, and it was there said: "The act was not passed to hinder or delay a plaintiff, or to compel him to do impossible or useless things, but only to give defendant an immediate remedy" as against third parties.

Again, in *Carroll et ux. v. Q. C. Cabs, Inc.,* 308 Pa. 345, 162 A. 258, the court below had adopted a rule providing that the scire facias must issue within thirty days after service of the statement of claim. It was held this rule was unreasonable in limiting the period to thirty days, and it was stated that at least "sixty days should be prescribed in such cases subject to extension by the court for cause shown." In the course of the opinion it was said: "A period of sixty days, however, should be adequate for the purpose and will preserve the benefits of the act to defendants who are unavoidably handicapped in ascertaining essential facts necessary to lay the foundation for issuance of the writ, and at the same time will not work substantial injury to plaintiff in the action." It was also remarked: "Defendants who prefer to follow the old methods or who fail to avail themselves of the benefits of the act within a reasonably prompt time are not thereby prejudiced within the period of the statute of limitations."

In *Richter v. Scranton City et al.,* 321 Pa. 430, 184 A. 252, it was held that where there is a rule of court specifying the time within which the scire facias must issue after service of the plaintiff's statement of claim, the period begins to run with the service of the original,

and not from the service of an amended statement, particularly where the original statement identifies the place at which the accident is alleged to have happened and therefore gives the defendant the necessary information as to the persons to be joined as additional defendants. In no decision has it been held that sixty days is the longest period which may be fixed by a rule of court, or approved when no rule exists.

The only application the case last cited has to the one now at bar is that it fixes April 6, 1936, as the date upon which this appellant had the information from which it could determine whether it desired to bring Garrett upon the record. A period of one hundred and one days elapsed between that date and the issuing of the scire facias and a period of seventy-two days after the return day of the original summons. Appellant argues that as this latter period fell within the time during which the trial court had the application for a change of venue under consideration, it was relieved by the above mentioned order, staying "all proceedings" during the pendency of the rule for a change of venue, from any obligation to act prior to the discharge of that rule. Appellee replies that the petition for change of venue was directed against the plaintiff and that there was no reason why appellant should not have proceeded in the meantime to bring in the additional defendant and have the issues framed for trial, no matter where the trial might take place. It is quite true that a plaintiff is not to be hindered or delayed through the exercise by a defendant of the statutory rights given him, but it must be borne in mind in this case that the affidavit of defense denies the averment in the statement that Garrett was on his own business while driving plaintiff's automobile and that the allegation of the scire facias is not that Garrett is "alone liable" to plaintiff, or "liable over" to appellant—an issue which might be litigated between

appellant and Garrett at any time within the statute of limitations if plaintiff should get a judgment against appellant—but that Garrett is "jointly or severally liable" along with appellant for the cause of action declared on. The issue between appellant and Garrett raised by the scire facias is one in which plaintiff is also concerned as it is alleged in the affidavit that the damages were caused by Garrett's negligence. The provision of the order relative to extending the time for filing the affidavit of defense was inoperative as the affidavit was filed the day the order was made. It may also be observed that appellant did not wait for the disposition of the rule but issued the scire facias four days before the court discharged its rule for a change of venue.

In our opinion, the stay of proceedings was not equivalent to an express extension of time to appellant, but the fact that such an order was made was a circumstance which the court below should have taken into consideration in determining whether the scire facias should be quashed.

When this appeal was called for argument counsel for appellee moved that it be quashed upon the ground that "it is from an interlocutory order." If the order appealed from had *discharged* the rule to quash the scire facias, it would have been interlocutory: *Magaro v. Met. Edison Co. et al.*, 315 Pa. 369, 172 A. 865, and *Steach et ux. v. Hippensteele et al.*, 315 Pa. 420, 172 A. 715. Such an order would have been merely a direction to proceed with the trial on the merits and would have been interlocutory: *Miller Paper Co. v. Keystone Coal and Coke Co.*, 275 Pa. 40, 118 A. 565.

Having in mind that the legislation here involved is somewhat recent and to be liberally construed, we feel that the order made in this case is comparable to a judgment of non pros upon the ground that the writ was not issued in time: *Prettyman v. Irwin*, 273 Pa.

522, 117 A. 195. It is final as to the right of appellant to bring the additional defendant upon the record and we have, therefore, concluded to dispose of the appeal upon its merits.

The real question is whether appellant has been guilty of such "dilatory conduct" as was condemned in *First Natl. Bank of Pittsburgh v. Baird,* supra, or of a delay which, in and of itself, would obviously result in substantial injury to the rights of the plaintiff or the additional defendant. The writ was issued more than two months before the earliest date upon which the case could have been called for trial. In view of that fact and of what we have said concerning the nature of the issues raised by the scire facias, we are of opinion that appellant's delay was, under all the circumstances appearing from this record, excusable, and worked no hardship upon either the plaintiff or the appellee. We feel that a proper exercise of the discretion vested in the trial court, in the absence of a rule upon the subject, would have resulted in an order discharging the rule to quash the writ. That court has ample power to control the matter by making a positive rule for the future, but should not have enforced its conception of what is a reasonable time retroactively, thereby depriving appellant of a right conferred upon it by the statute.

Under the conclusion we have reached, the first and second assignments of error must be sustained.

The order is reversed and the scire facias reinstated.