## Norristown Borough v. Bruno et al.

*Julian W. Barnard*, for plaintiff.
*Larzelere & Wright*, for defendants.

KNIGHT, P. J., December 30, 1936. — This suit was brought by the Borough of Norristown to recover for damage done to a fire plug by one of defendants' trucks. Defendants filed a counterclaim against the borough, asking compensation for damages to their truck.

At the trial but one witness was called, a policeman of the plaintiff borough, who testified that on December 3, 1935, he was detailed to investigate an accident in front of 223 East Airy Street, in the Borough of Norristown. The witness went to the above address, and found a truck of defendants over the curb, and also over the fire plug, so that the bell housing of the truck, which is at the rear

of the motor, was directly on top of the plug. Defendants' driver was at the scene, and admitted that he was driving the truck when the accident happened. Further conversation with the driver was ruled out by the trial judge, and plaintiff rested. Defendants suffered a voluntary non-suit on their counterclaim, and offered no evidence. On the evidence before them, the jury brought in a verdict for plaintiff for the admitted damage, $138.54, and this motion followed.

Defendants concede that the truck involved was their property, and that at the time of the accident it was operated by their servant, upon their business. Defendants contend "that no evidence whatsoever exists of any negligence on the part of defendants; that no evidence exists that there was no contributory negligence on the part of the plaintiff borough."

It is not the duty of a plaintiff to prove that he is not guilty of contributory negligence; all the law requires is that he present a case free from contributory negligence. This plaintiff has done. The fire plug, an inanimate object, could not be guilty of contributory negligence, and there is not a scrap of evidence from which the jury could infer contributory negligence on the part of the borough.

The trial judge left the case to the jury, on the theory that plaintiff came within the rule, announced in many cases, that when the thing which causes the injury is shown to be under the management of defendant, and the accident is such as in the ordinary course of things does not happen if those who have the management use the proper care, it affords reasonable evidence, in the absence of explanation by defendant, that the accident arose from a want of care. For a statement of this rule, see Knox v. Simmerman, 301 Pa. 1; Riley et ux. v. Wooden, 310 Pa. 449; Wright et al. v. Straessley, 321 Pa. 1.

It may be conceded that this is a close case, due largely to the meagre evidence offered by plaintiff, but we are of the opinion that it was properly left to the jury.

While the evidence does not disclose the fact, it is a matter of common knowledge, of which we might almost take judicial notice, that East Airy Street in Norristown is a broad concrete State highway. On this road was found defendants' truck, at right angles to the side of the street; the front wheels had jumped the curb, and the truck had mounted a fire plug, so that the bell housing which is at the rear of the motor was resting on top of the plug. There was apparently no reason for the truck being there unless the driver had lost control, due to excessive speed or lack of attention.

In Hunter v. Pope, 289 Pa. 560, the jury found that plaintiff was standing on the footwalk when struck and rendered unconscious by a motor bus of defendant. The Supreme Court in its opinion said:

"The foregoing facts being true, plaintiff was clearly entitled to recover, for she was where she had a right to be, and where defendant's motorbus had no right to go."

Miller v. Siebert, 296 Pa. 400, was a case in many essentials similar to the case at bar. There the ownership of the car and the agency of the driver were admitted, as in this case. Plaintiff was standing on the footwalk, near the curb, when he was struck by defendant's car and rendered unconscious. Not a single eyewitness to the accident was produced, and the only evidence came from plaintiff, who, in effect, could only say that he was struck by an automobile while standing on the pavement. Defendant there, as here, offered no evidence, and moved for binding instructions, which motion was refused. The Supreme Court held this not to be error, and that the evidence of plaintiff, no stronger than the evidence in the present case, was sufficient to take the case to the jury, and sustain the verdict.

Maltz v. Carter, Admx., 311 Pa. 550, Knox v. Simmerman, 301 Pa. 1, and Wright et al. v. Straessley, 321 Pa. 1, are cases in which the rule invoked by the trial judge has been applied under more or less similar circumstances.

In Knox v. Simmerman, supra, a car left the road and crashed into a pile of stone, injuring plaintiff. The statement of claim averred excessive speed as the cause of the accident. The lower court nonsuited plaintiff, on the ground that plaintiff failed to show excessive speed. The Supreme Court took off the nonsuit, holding that while plaintiff, having alleged excessive speed, must prove it the mere fact that the car ran off the road would be sufficient, if unexplained, to warrant a jury in finding that the car was driven with excessive speed under the circumstances.

Simpson et ux. v. Jones, 284 Pa. 596, much relied upon by defendants, can be distinguished from the case at bar. There it appeared from the uncontradicted testimony that skidding of the rear wheels caused the car to leave the highway, and mere skidding of a car does not establish negligence of the driver: Hatch et al. v. Robinson, 99 Pa. Superior Ct. 141; Johnson v. American Reduction Co., 305 Pa. 537. The cause of the accident was explained.

Riley et ux. v. Wooden, 310 Pa. 449, also cited by defendants, was a case of a car turning over. Plaintiffs contended that they came within the rule here under discussion. The Supreme Court said:

"They have shown a case outside that rule. . . . Defendant, though called by them for cross-examination, has explained it, [the accident] and, as they have not impeached his testimony, they are bound by it."

In the present case defendants, who perhaps were the only ones who could explain how the truck got where it did or could excuse the apparent lack of proper control, elected to remain silent. We think the position of the truck and other surrounding circumstances, without any explanation from defendants, was evidence of negligence in the operation of the truck sufficient to take the case to the jury.

And now, December 30, 1936, the motion for judgment n. o. v. is overruled.