Mitchell et ux. *v.* Marinelli (et al., Appellant).

Argued March 26, 1947.

*Robert L. Orr,* with him *Leonard L. Ewing* and *Reed & Ewing,* for appellant.

*A. G. Helbling,* with him *Richard P. Steward,* for plaintiffs, appellees.

*Myron E. Rowley,* with him *Ralph E. Smith* and *Rowley & Smith,* for A. Gioia & Son, appellee.

OPINION BY MR. JUSTICE PATTERSON, April 17, 1947:

James S. Mitchell and Martha E. Mitchell, appellees, brought this action in trespass against Michael Marinelli, A. Gioia & Son, Joy Macaroni Company, and Schreiber Trucking Company, appellant, to recover damages sustained when a tractor trailer operated by Mike Dilimone, brought in as an additional defendant by Schreiber Trucking Company, crashed into appellees' garage. A voluntary nonsuit was entered in favor of Joy Macaroni Company. The amount of damages was stipulated to be $3,250.00. The jury was dismissed and the case, both as to law and facts, was determined by the trial judge. This appeal is from the decree of the court *en banc* affirming the order of the trial judge entering judgment: (1) in favor of Marinelli, (2) in favor of A. Gioia & Son, (3) against Mike Dilimone, and (4) against Schreiber Trucking Company.

Michael Marinelli, owner of a White tractor trailer truck, leased said truck to A. Gioia & Son on March 19, 1945, for a term of one month. This lease provided that lessee should have full possession and control and "in the event the Lessor, or a person designated by him, should operate the truck, said Lessor, or person so desig-

nated, shall be considered and shall be an employee of the Lessee . . .". Lessee assumed "full responsibility for any claims that may arise as a result of accidents, etc., while it ha(d) control and use of the . . . truck." On March 21, Marinelli secured Mike Dilimone to drive in his place. He drove the truck from Erie, Pennsylvania to Rochester, New York, where it was loaded with the product of A. Gioia & Son. This load was duly delivered to the consignees in Pittsburgh.

In conformity with the regulations of the Office of Defense Transportation, which required that all trucks carry a load each way on a trip of this distance, Dilimone went to the Pittsburgh office of Schreiber Trucking Company, appellant, where a truck rental agreement, also required by the Office of Defense Transportation, was executed. The agreement provided that appellant became the lessee of the truck and had "full possession and control of the vehicle leased . . . the operation of the leased vehicle is to be conducted under the full supervision and control of the Lessee, and the Lessee shall assume full responsibility to the general public . . .". The agreement further provided that the truck was to be operated by a driver furnished by the lessor, that lessor should pay all wages and salaries, that said driver was duly qualified under the rules and regulations of the Interstate Commerce Commission, and that "lessor further agrees to furnish the motor vehicle . . . in a safe, sound, mechanical working order . . . and that Lessor shall have the right and duty during the term of this lease to make such repairs as may be necessary to keep the vehicle in a safe, sound mechanical working order."

Dilimone, pursuant to orders from appellant, drove to New Brighton, Pennsylvania, where the truck was loaded. From there he proceeded toward Erie on a route designated by appellant and unfamiliar to him. When Dilimone reached Unionville Hill, on State highway route 68, the highway was covered with one to three inches of slush and snow. The hill was steep and the road

crooked. Although the truck was equipped with five forward gears, he placed it in third gear before he began the descent. He proceeded around several "S" curves. When the truck began to pick up speed, he immediately applied the brakes but they failed to respond. To his right was a sheer drop but to the left of the highway was a broad berm. In an effort to slacken speed and protect his equipment, he turned to the left across the highway, and onto the berm. The rear end of his truck collided with a concrete abutment eleminating the braking power of the motor. Some distance beyond this point, the truck hit a barrel filled with sand. Dilimone was thrown from the truck by the impact and the truck proceeded downgrade and crashed into appellees' building.

The trial judge found as facts that A. Gioia & Son were obliged to keep the truck in safe and sound mechanical working order; that at the time the truck came into the possession of the Schreiber Trucking Company, it was in a safe and sound mechanical working order; that Dilimone made no examination of the brakes prior to the time appellees' property was damaged; that at the time of the accident the exclusive right to exercise control over Dilimone and the truck was in Schreiber Trucking Company; that Dilimone's negligence was the proximate cause of the accident and that the negligence consisted of: (1) failing to place the truck in fifth gear before starting to descend Unionville Hill with a loaded truck when the highway was covered with slush and snow, (2) failing to apply the brakes before he had descended the hill for a considerable distance, and (3) driving off the highway on the left side thereof. The finding that at the time the truck came into appellant's possession it was in a safe and sound mechanical working order was based upon the following: the driver was not asked any questions regarding the mechanical condition of the truck; he stated that he had made no examination of the brakes prior to the accident; the truck was driven without

accident from Pittsburgh to New Brighton; after having been loaded it was driven several miles further over hilly highways; and, there was no evidence of difficulty in operating the truck at any time prior to the accident.

Appellant contends that: (1) the reasons set forth by the trial judge, and adopted by the court *en banc*, are legally insufficient to support a finding of negligence; and (2) the evidence did not establish that at the time the truck rental agreement was executed the brakes were in sound mechanical working order and, therefore, the judgment in favor of A. Gioia & Son was improper.

We need not now decide whether the reasons given by the court below in support of the judgment against Dilimone were proper. Where the court below has entered a proper judgment, that judgment, will not be reversed because of erroneous reasons given by the court to sustain it. "With whatever views may appear in the opinion of the court we have nothing to do in this appeal:" *Carpenter v. Lancaster*, 212 Pa. 581, 586, 61 A. 1113. See *Heller v. Fabel*, 290 Pa. 43, 49, 138 A. 217.

Assuming that Dilimone was faced with an emergency when, for an unexplained reason, the brakes suddenly failed to work, there is no testimony that he was then unable to control the truck. The evidence is to the contrary. The destruction of the rear end of the truck, thereby removing the braking power of the motor, was the event which completely destroyed Dilimone's ability to control the truck. Thereafter, it proceeded downgrade with ever increasing speed. Either Dilimone did not look where he was driving when he crossed the highway, drove onto the berm, and struck the concrete abutment, or he did a rash act. In either event he was liable for resulting damage. *Riley v. Wooden*, 310 Pa. 449, 165 A. 738, relied upon by appellant, is factually dissimilar and is not controlling. In that case there was no proof of any act on the part of defendant upon which a finding of negligence could properly be based. In the instant case the evidence amply supports the finding of negligence. Judgment was properly entered against Dilimone.

It cannot be seriously contended that Schreiber Trucking Company, appellant, did not have the power to control both the truck and the driver. The truck rental agreement so provided and the evidence reveals an exercise of that power. In *McGrath v. Edward G. Budd Manufacturing Company*, 348 Pa. 619, 623, 36 A. 2d 303, this Court said: "The true criterion is the existence of power to control the employee at the time of the commission of the negligent act." Judgment was properly entered against Schreiber Trucking Company as the employer of Dilimone.

Appellant contends that the judgment in favor of A. Gioia & Son was erroneous because A. Gioia & Son agreed "to furnish the motor vehicle in a safe, sound, mechanical. working order". There is not a scintilla of evidence regarding the mechanical working condition of the truck at the time control thereof was given to appellant, or at any time, prior or subsequent thereto. What a reasonable examination of the braking system would have revealed at that time is a matter of pure conjecture. It was within appellant's power to produce evidence in that regard. Having failed to show the results of an inspection, if any was made, or to prove, in any other manner, that the truck was not then in sound mechanical working order, appellant cannot now complain that it has been deprived of any right of recovery from A. Gioia & Son.

The judgment is affirmed.