## Grosso *v.* Englert, Appellant.

Argued March 16, 1955. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Leonard A. Mazer,* for appellants.

*Solis Horwitz,* with him *Sidney Baker, Daniel Krause,* and *Boreman, Parker, Krause & Horwitz,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, April 18, 1955:

On February 24, 1954, upon the petition of Angela Grosso, the Court of Common Pleas of Allegheny County issued an order at No. 1969 April Term, 1954 restraining Robert Englert and Irene Englert, his wife, from withdrawing funds from two banks. Later, on the same day, plaintiff posted an injunction bond in the sum of $2,500. On March 17, 1954 a hearing was held on whether the temporary injunction should be continued. At the hearing counsel for defendants

moved to dissolve the restraining order on the ground that no injunction bond had been filed until several hours after the injunction was granted. The court reserved decision and took testimony. Counsel for the defendants fully participated in this hearing, cross-examining plaintiff and her witnesses. On March 22, 1954 the court granted the defendants' motion and the temporary injunction was dissolved for the sole reason that the plaintiff had failed to file an injunction bond simultaneously with the issuing of the injunction. On the same day plaintiff filed an identical petition for a restraining order at No. 2967 April Term, 1954, based upon the same facts. An injunction bond of $6,000 was posted and a temporary injunction similarly restraining the defendants from the withdrawal of funds deposited in the two banks. At a hearing on March 30, 1954 counsel for plaintiff orally moved to discontinue his earlier action at No. 1969. Counsel for defendants orally moved to dismiss the instant proceeding at No. 2967, claiming it was barred by the action at No. 1969. The chancellor reserved decision on the motions and proceeded with the hearing. The testimony previously taken at No. 1969 before the same judge was admitted into evidence. On April 28, 1954 the chancellor made an order continuing the injunction issued on March 22nd, consolidating the proceeding at No. 1969 with the instant case at No. 2967, directing the bond entered in the earlier case to remain as security for costs in that proceeding and ordered the plaintiff to file a complaint within 20 days. Plaintiff filed her complaint and defendants filed preliminary objections incorporating their objections raised at the hearing of March 30th and also filed exceptions to the order of court of April 28th. On May 20, 1954 the court entered an order staying all proceedings until a final determination of defendants' exceptions. Argument on the lat-

354

ter was heard before the court en banc which filed an opinion and order dated October 25, 1954 dismissing defendants' exceptions and preliminary objections, thereby in effect continuing the preliminary injunction, and ordering the defendants to file an answer to plaintiff's complaint within 20 days. Defendants took this appeal.

Appellee filed in this court a motion to quash on the ground that the order of October 25, 1954 is not an appealable one. So much of the order of October 25th as overruled defendants' preliminary objections is interlocutory and not appealable. However, appellants contend that their appeal is to be considered as taken from the order granting the preliminary injunction on March 22, 1954. Appellee argues that even assuming that the appeal may be construed as an appeal from the order of March 22nd granting the injunction, it must be quashed because not timely taken. In *Roth v. Columbia Distributing Company of Allentown*, 371 Pa. 297, 89 A. 2d 825, we held that the right to appeal from the grant of a preliminary injunction endures for the period of time allowed by law for an appeal in an equity proceeding, namely, three calendar months from the entry of the order, judgment or decree appealed from: Act of April 21, 1846, P. L. 432, Sec. 3, 12 PS §1092; Act of May 19, 1897, P. L. 67, Sec. 4 as amended, 12 PS §1136. As above appears, the court below in its order of May 20, 1954 stayed all proceedings. This stay tolled the running of time for appeal from the grant of the preliminary injunction on March 22nd. See *Fenerty Disbarment Case*, 356 Pa. 614, 52 A. 2d 576; *Smith v. Jones*, 369 Pa. 13, 85 A. 2d 23; *Commonwealth v. Mackley*, 380 Pa. 70, 110 A. 2d 172. The time again began to run when the final order of October 25th was entered; and the present appeal taken and perfected on November 12th was therefore within the

statutory limitation. Under the unusual and involved proceeding presented, we will deny the motion to quash and consider appellants' attack upon the grant of the preliminary injunction in the second action.

Appellants' contentions are three-fold. First, it is claimed that the evidence heard by the chancellor was not sufficient to sustain the injunction. We do not agree. From the testimony adduced it appeared that appellee had in her home more than $40,000 in cash; the appellant Irene Englert had been employed by appellee as housekeeper from early September until late in December, 1953; in February of 1954 appellee discovered that the money was missing, and swore out an information for larceny and receiving stolen goods against the appellants; when the police searched appellants' home they found a bag containing some $16,000 and other papers, amongst which was a money wrapper bearing the name of the appellee; when questioned by the police appellant Irene Englert admitted that the money found at her home was that of the appellee, although denying she had stolen it; also amongst the papers found by the police were a large number of invoices and bills showing extensive purchases by the appellants in the months of November and December, 1953; on the same day, January 27, 1954, the appellants opened deposit accounts in a bank at Homestead and another in Castle Shannon. In the absence of any explanation by the appellants of a possible other source for these bank deposits, it was a fair inference that the monies deposited in the bank accounts were part of the property of appellee. "On an appeal from the grant of a preliminary injunction, we merely determine whether under the facts before the court below there were reasonable grounds for its action . . . . Unless it is plain that no such grounds existed or the record reveals palpable legal error, the decree will be affirmed:

. . ." : *Roth v. Columbia Distributing Company of Allentown,* supra, and cases cited therein. We are satisfied that the evidence was sufficient for the court to maintain the status quo and to continue the injunction with respect to the bank accounts.

The appellants' other two contentions that the court should have dismissed the second action because the first action remained undisposed of, and the court erred in consolidating the two proceedings, will be considered together. According to appellants' History of the Case, the injunction in the proceeding now under consideration was issued on March 22, 1954 at 2:21 P.M. and the injunction in the earlier proceeding was not dissolved until 3:26 P.M. on the same day. It is clear that the dissolution of the first injunction was not res judicata. The earlier injunction was dissolved because of a technical defect (the failure to cotemporaneously file a bond) and not by an adjudication upon the merits. See *Scharf v. Richard De Cou Company,* 320 Pa. 552, 183 A. 41; *Oravec Unemployment Compensation Case,* 171 Pa. Superior Ct. 491, 90 A. 2d 269. Moreover, appellee had the right to discontinue her first action and to proceed with the second. Prior to the reception of testimony at the hearing on March 30th, following the issuance of the injunction in the second proceeding, appellee did move to discontinue the earlier proceeding but the court decided, in order to protect the appellants, to consolidate the two cases. The consolidation eliminated any possibility of harm to the appellants because of multiplicity of suits and it preserved any rights appellants might have on the bond in the earlier proceeding, which the court directed should remain in force. Thus the appellants' rights were fully preserved and protected.

Appellants assert that the court lacked power to consolidate the actions. The two proceedings were be-

tween identical parties, commenced by identical pleadings filed by appellee and involved the same questions of law and fact. Pa. R. C. P. 213 (a) provides: "When actions involving a common question of law or fact are pending before the court, the court on its own motion or on motion of any party may order a joint hearing or trial of any or all the matters in issue in the actions, may order all of the actions consolidated, and may make such orders concerning proceedings therein as may avoid unnecessary costs or delay.". We think the court acted well within its discretionary power in consolidating the two proceedings.

Appellants also complain that in continuing the injunction issued in the second proceeding, at the hearing on March 30th, the chancellor relied on evidence adduced on March 17th at the hearing on the earlier injunction. Although the first injunction was later dissolved on technical grounds with no determination on the merits, testimony was presented. A number of witnesses testified on appellee's behalf and were cross-examined on behalf of appellants by the same counsel who appeared for them at the hearing on March 30th. At this hearing, only two weeks later, when appellee who had all her witnesses present in court ready to proceed with the presentation of their evidence, introduced her first witness, the chancellor, after learning from counsel for the appellee that the testimony would be the same as he had previously heard, pointed out that this would be a duplication of what he had heard before. With the court's permission, counsel for appellee then offered the testimony of the previous hearing and the court admitted it. Appellants interposed an objection that they were deprived of the right of cross-examination. This objection was not raised in the exceptions filed by the appellants. It is to be observed that counsel for appellants was afforded an opportunity to cross-

examine in a suit between the identical parties on the identical subject matter each and every witness in the earlier proceeding. Some he had examined and some he had not. More important, he had an opportunity at the hearing in the second proceeding to further examine all of appellee's witnesses if he desired. All were in the court room ready to proceed. In fact one witness was called by counsel for the appellants and further examined. He did not recall any of the other witnesses for further examination. After carefully scrutinizing the testimony adduced and everything that transpired at both hearings, we are satisfied that any error that might have existed in the procedure adopted was harmless error in so far as the appellants were concerned.

Decree affirmed at appellants' costs.