University Square No. 1, Inc. *v.* Marhoefer
(et al., Appellant).

Argued March 22, 1962. Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

*James C. Larrimer,* with him *Edward P. Good,* and
*Kountz, Fry & Meyer,* and *Dougherty, Larrimer & Lee,*
for appellants.

*Harold R. Schmidt,* with him *Raymond G. Hasley,*
and *Rose, Houston, Cooper and Schmidt,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 24,
1962:

On July 10, 1957, plaintiff instituted suit in as-
sumpsit against defendant, Louis Marhoefer, for breach

of a building contract. Marhoefer answered and also filed a complaint joining Seisel Construction Company as additional defendant. Seisel Construction Company answered Marhoefer's complaint and also joined Steel City Piping Company and Hale-Devlin, Inc., as additional defendants. In April, 1958, both Steel City and Hale-Devlin filed preliminary objections in the nature of a demurrer to Seisel Company's complaint on the ground that the cause of action on which they were joined was separate and distinct from the cause of action sued on by plaintiff; they also objected to the jurisdiction of the Court on the ground that the contract between each of them and Seisel Company contained a provision to arbitrate.

After the completion of discovery procedures by plaintiff and original defendant, the case was set down for trial at the second jury term in the fall of 1961. During this 3½ years no action was taken by anyone with respect to the aforesaid preliminary objections until the same were praeciped for argument by Steel City and Hale-Devlin in October, 1961. The lower Court dismissed the preliminary objections and declared that in the instant case there is a strong presumption that a delay of 3½ years by additional defendants in praeciping their preliminary objections to argument was prejudicial to plaintiff. Steel City and Hale-Devlin appealed from the Order which dismissed their preliminary objections.

It is well settled that no appeal lies from an Order overruling a preliminary objection, other than one attacking jurisdiction: *Dozor Agency v. Rosenberg*, 403 Pa. 237, 169 A. 2d 771; *Grosso v. Englert*, 381 Pa. 351, 113 A. 2d 250; *Strank v. Mercy Hospital of Johnstown*, 383 Pa. 54, 117 A. 2d 697. More specifically, a preliminary objection raising the question of the validity of joining an additional defendant is interlocutory and no appeal lies therefrom: *Magaro v. Metropolitan*

*Edison Co.*, 315 Pa. 369, 172 A. 865; *Steach v. Hippensteele*, 315 Pa. 420, 172 A. 715.

In *Dozor Agency v. Rosenberg*, 403 Pa., supra, the Court said (page 240): "However, generally speaking, an Order overruling preliminary objections is interlocutory and not appealable: Grosso v. Englert, 381 Pa. 351, 113 A. 2d 250. That general rule is, however, subject to the exception that if a question of jurisdiction is involved that question is appealable under the Act of March 5, 1925: Gardner v. Allegheny County, 382 Pa. 88, 114 A. 2d 491; Powell v. Shepard, 381 Pa. 405, 113 A. 2d 261."

Therefore, if the lower Court had jurisdiction, its Order, which overruled appellant's preliminary objections in the nature of a demurrer, is not appealable, "even though the reason given by the Court below to sustain its decision was erroneous: [citing cases]": *Sherwood v. Elgart*, 383 Pa. 110, 115, 117 A. 2d 899. See to the same effect, *Mitchell v. Marinelli*, 356 Pa. 517, 521, 52 A. 2d 203.

Appellants' preliminary objections also raise, as above noted, a jurisdictional question. The Act of March 5, 1925, P.L. 23, §1, 12 P.S. §672, allows an appeal to determine preliminarily the question of jurisdiction of the Court over the defendant and over the cause of action, even though the appeal was from an interlocutory Order or Decree: *Dozor Agency v. Rosenberg*, 403 Pa., supra; *Gardner v. Allegheny County*, 382 Pa. 88, 94-95, 114 A. 2d 491; *Strank v. Mercy Hospital of Johnstown*, 383 Pa., supra.

Appellants allege that the contracts between Seisel Construction Company and them specifically provides that all disputes arising under the said contracts shall be submitted to arbitration and therefore the lower Court presently lacks jurisdiction over the matter.

It is clear that an arbitration provision in a contract—irrespective of whether it is common law or

statutory arbitration—does not affect the jurisdiction of the lower Court: *Witney v. Lebanon City*, 369 Pa. 308, 85 A. 2d 106. In that case the Court said (pp. 311, 312, 313): "It is clear, this being a suit in assumpsit on a contract, that the court had jurisdiction of the subject matter. Even if it should ultimately be decided that plaintiff's action cannot be maintained because the final estimate of the engineer was, under the terms of the contract, to be conclusive, the question of jurisdiction would not be affected thereby. In Zerbe Township School District v. Thomas, 353 Pa. 162, 44 A. 2d 566, we stated principles which are here applicable, namely that even though a plaintiff have no standing to bring his action, even though his complaint be demurrable, even though he fail to establish its allegations, even though the court should finally conclude that the relief he seeks should not be granted, not any or all of these circumstances would enter into, much less determine, the question whether the court had jurisdiction of the litigation. We there pointed out that the test of jurisdiction was the competency of the court to determine controversies of the general class to which the case presented for its consideration belonged,—whether the court had power to enter upon the inquiry, not whether it might ultimately decide that it was unable to grant the relief sought in the particular case; that the Act of 1925 was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings and that it was not concerned with matters going to the right of the plaintiff to recover on his cause of action but only with his right to have his cause of action heard and determined. . . .

". . . Defendant suggests that possibly plaintiff's remedy, if it wishes to challenge the engineer's award, is to proceed under the Arbitration Act of April 25, 1927, P.L. 381; (citing Seaboard Surety Co. v. Com-

monwealth, 345 Pa. 147, 27 A. 2d 27). Even were that so, however, and the present action were to be dismissed, such a decision would not bear upon the jurisdiction of the court." Accord: *Dozor Agency v. Rosenberg,* 403 Pa., supra; *Drummond v. Drummond,* 402 Pa. 534, 167 A. 2d 287; *Dauphin Deposit Trust Co. v. Myers,* 388 Pa. 444, 461, 130 A. 2d 686.

Order affirmed.