## Wandzilak *v.* Huss, Appellant.

542

Argued November 11, 1965. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Anthony J. Ciotola,* with him *Louis George Feldman,* for appellants.

*Arthur D. Dalessandro,* for appellee.

OPINION PER CURIAM, January 4, 1966:

The plaintiff and the defendants entered into a contract whereby the plaintiff was to exercise exclusively the right to locate and remove coal from the surface of lands owned by the defendants and to sell their findings to the defendants. After several weeks' performance under the contract, the defendants notified the plaintiff to cease operation as they intended to do the work themselves. The plaintiff filed a complaint in equity asking that the defendants be compelled to live up to the terms of the agreement, that they be restrained from interfering with the plaintiff and be required to pay for coal already mined in their behalf.

The defendants filed preliminary objections averring that the plaintiff had an adequate remedy at law, and had not properly separated his actions and then

demurred on the basis that the complaint showed on its face lack of compliance with the statute of frauds.

The court below held that the demurrer could not be sustained because the facts as pleaded in the complaint took the case out of the statute of frauds (*Klingensmith v. Klingensmith,* 375 Pa. 178). As to the adequate remedy at law the court said that "the primary purpose of the plaintiff's complaint was to seek equitable injunctive relief with an incidental request for money damage."

The defendants appealed to this Court, limiting the appeal to the propriety of the court's overruling their "Objection of Adequacy of Remedy at Law," their contention being that a substantial dispute as to a legal right to property was involved and it should be determined in a court of law. However, a dismissal of preliminary objections on the ground that there is an adequacy of remedy at law is not appealable. We stated in *Dozor Agency v. Rosenberg,* 403 Pa. 237 : "However, generally speaking, an Order overruling preliminary objections is interlocutory and not appealable : Grosso v. Englert, 381 Pa. 351, 113 A. 2d 250. That general rule is, however, subject to the exception that if a question of jurisdiction is involved that question is appealable under the Act of March 5, 1925; Gardner v. Allegheny County, 382 Pa. 88, 114 A. 2d 491; Powell v. Shepard, 381 Pa. 405, 113 A. 2d 261."

And, in *White v. Young,* 402 Pa. 61, this Court stated that preliminary objections such as those here involved did not raise a question of jurisdiction appealable under the Act of March 5, 1925 : "The order of the court of common pleas, dismissing the defendant's objection to equity's jurisdiction of the subject matter on the ground that there is a complete and adequate remedy at law, did not raise a question of jurisdiction appealable under the Act of March 5, 1925, P. L. 23, 12 PS §672 et seq. See Korona v. Bensalem Township, 385 Pa.

544

283, 284, 122 A. 2d 688. The appeal should therefore have been dismissed."

The appeal is quashed at appellants' costs.