## Lewandowski *v.* General Telephone Company (et al., Appellant).

Argued November 13, 1972. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, SPAULDING, CERCONE, and PACKEL, JJ.

*Frank A. Orban, Jr.*, for appellant.

*Ralph A. Davies*, with him *Robert I. Boose, Joseph N. Cascio, John David Rhodes, Archibald M. Matthews, Robert G. Rose, Alexander Ogle, Norman A. Shaulis, Nathan C. Rascona, N. A. Barbera, Fike, Cascio & Boose, Thomson, Rhodes & Grigsby, Spence, Custer Saylor, Wolfe & Rose, Shaulis, Kimmel & Rascona,* and *Barbera & Barbera,* for appellees.

OPINION BY HOFFMAN, J., March 27, 1973:

This appeal raises the question of whether an additional defendant may appeal from an order of the lower court sustaining the joinder of said additional defendant to a pending suit.

Plaintiffs instituted a trespass action in November, 1964 against defendant, General Telephone Company. Thereafter, defendant joined as additional defendants, Johnstown Suburban Gas Company, Stewart-Warner Corporation and Robertshaw-Fulton Controls Company. On May 7, 1970, Robertshaw, the additional defendant, filed a complaint against additional defendant, Bastian-Blessing Company, a foreign corporation, alleging by way of petition that Bastian-Blessing was doing business in Pennsylvania. On February 10, 1971, counsel for Bastian-Blessing filed an appearance and preliminary objections, denying it did business in Pennsylvania, and therefore, that it had been improperly served. On April 5, 1971, hearing and argument were held on the preliminary objections, and the lower court on November 15, 1971, issued its order overruling the preliminary objections. It is from that order that Bastian-Blessing appeals to this Court.

Ordinarily, an appeal to our Court will not lie unless there has been a final order of a court of common pleas.[1] It is, therefore, well-settled that "an interlocutory order or decree is not appealable unless expressly made so by statute: Epstein v. Kramer, 374 Pa. 112, 119, 96 A. 2d 912; Stadler v. Mt. Oliver Borough, 373 Pa. 316, 317-318, 95 A. 2d 776, and cases there cited. ... Even with the consent of all interested parties, appellate jurisdiction of an interlocutory order or decree may not be assumed: Stadler v. Mt. Oliver Borough, supra. The evident policy of the law in such regard is to preclude piecemeal determinations and the consequent protraction of litigation." *Sullivan v. Philadelphia,* 378 Pa. 648, 649, 107 A. 2d 854 (1954).

In the instant case, appellant preliminarily objected to joining it as an additional defendant by appellee, alleging that as it was not doing business in the Commonwealth it could not be sued in Pennsylvania and therefore that the court lacked personal jurisdiction over it. From the lower court's overruling of appellant's preliminary objections raising a jurisdictional question, appellant sought direct appeal.[2]

---

[1] Act of July 31, 1970, P. L. 673, art. III, §302, 17 P.S. §211.302, provides that the Superior Court is vested with "exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any section of this act within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court."

[2] Our Supreme Court has said that "[u]nder the Pennsylvania Rules of Civil Procedure the exclusive method by which a party may raise 'jurisdictional' objections is by preliminary objections." *Monaco v. Montgomery Cab Co.,* 417 Pa. 135, 140, 208 A. 2d 252 (1965).

The Act of March 5, 1925, P. L. 23, §1, 12 P.S. §672, specifically permits an appeal to this Court from an interlocutory order where "the question of jurisdiction over the defendant or of the cause of action for which suit is brought is raised in the court of first in-

"It is well-settled that no appeal lies from an Order overruling a preliminary objection, other than one attacking jurisdiction: Dozor Agency v. Rosenberg, 403 Pa. 237, 169 A. 2d 771; Grosso v. Englert, 381 Pa. 351, 113 A. 2d 250; Strank v. Mercy Hospital of Johnstown, 383 Pa. 54, 117 A. 2d 697. More specifically, a preliminary objection raising the question of the validity of joining an additional defendant is interlocutory and no appeal lies therefrom: Magaro v. Metropolitan Edison Co., 315 Pa. 369, 172 A. 865; Steach v. Hippensteele, 315 Pa. 420, 172 A. 715. In Dozor Agency v. Rosenberg, 403 Pa., supra, the Court said (page 240): '. . . That general rule is, however, subject to the exception that if a question of jurisdiction is involved that question is appealable under the Act of March 5, 1925: Gardner v. Allegheny County, 382 Pa. 88, 114 A. 2d 491; Powell v. Shepard, 381 Pa. 405, 113 A. 2d 261.' " *University Sq. No. 1, Inc. v. Marhoefer,* 407 Pa. 257, 258-259, 180 A. 2d 427 (1962).

While a party may successfully sustain his argument that an interlocutory order concerning a jurisdictional question is appealable, it does not necessarily follow that we must decide issues raised on appeal where there are insufficient facts before us to make that determination. An examination of the record reveals that the lower court judge granted the parties a hearing to entertain testimony on the question of jurisdiction of the person over the additional defendant. The plaintiffs offered testimony that the product sold and supplied by the additional defendant caused or con-

stance; . . . and the decision may be appealed . . . as in cases of final judgments." This statute while partially repealed by the Appellate Court Jurisdiction Act of 1970, P. L. 673, §509(g) (30), added by Act 1971, June 3, P. L.     , No. 6, 17 P.S. §211.509 (g)(30), and suspended in part by the Rules of Civil Procedure, remains in force as to the right to bring appeal in jurisdictional matters.

tributed to the explosion which resulted in their injuries at the plant where they worked within the boundaries of this Commonwealth. The fact that the additional defendant did supply the named equipment is undisputed. The contact with the Commonwealth of Pennsylvania had been established at least sufficiently to permit the lower court to continue the proceedings over the parties.

At this point, it was incumbent upon the additional defendant to come forward with evidence of its own to dispel or rebut plaintiffs' evidence. The additional defendant, appellant herein, chose not to offer any testimony at all at the time of the hearing. On that bare record, it is virtually impossible to make a judicious decision as to lack of jurisdiction over the additional defendant.

Our Supreme Court has said that "the Act of 1925 'was not intended to furnish a short cut to a determination of the issues of law or fact raised by the pleadings, however certain their ultimate determination may appear to be,'" *Adler v. Philadelphia,* 397 Pa. 660, 664, 156 A. 2d 852 (1959). Such a speculative and unnecessary "short cut" would result if we were to attempt to conjure as to the existence or lack of evidence of appellant's activities in the Commonwealth, and whether that hypothetical evidence were sufficient to constitute "doing business" as to obtain jurisdiction over the person of the additional defendant. The parties should be permitted to litigate the matter fully and prove their positions. If at some later stage it becomes apparent that appellant was improperly joined, it may be dropped from suit. Our interruption into the proceedings at this time would be premature, dilatory, and wholly improper.

This case is remanded to the court below with a procedendo.