**Sterling Telecommunications v.
Cable TV of Tri-State, Inc.**

*John G. Wheeley, Jr.,* for plaintiff.
*Robert N. Opel, II,* for defendants.

DALESSANDRO, *J.,* March 14, 1983—

## NATURE OF PROCEEDINGS

This matter is before the court on defendants' preliminary objections in the nature of a petition raising the question of jurisdiction and on plaintiff's

motion to strike defendants' answer[1] to the petition raising the question of jurisdiction.

## HISTORY AND FACTS

Plaintiff commenced this action by filing a complaint on July 16, 1982; in the complaint, plaintiff alleges that it entered into an agreement with Cable TV of Tri-State, Inc. (hereinafter referred to as "Tri-State") on its own behalf or through Matamoras Video Cable, Inc. (hereinafter referred to as "Matamoras Video Cable, Inc. (hereinafter referred to as "Matamoras"), and/or Commonwealth Telephone and Technologies Corporation (hereinafter referred to as "CTTC") to provide defendants with material for the construction of a cable television system. Plaintiff asserts that CTTC was designated by defendants as its purchasing agent for equipment.[2]

Plaintiff contends that, from time to time, CTTC placed orders with Sterling from plaintiff's office in Luzerne County; these orders were processed in Luzerne County and were shipped by plaintiff to the addresses directed by Tri-State or Matamoras.

At issue in this action is the amount of $57,894.02 plus interest, attorneys fees and costs of collection and suit which plaintiff contends Matamoras and Tri-State owe for goods shipped by plaintiff and accepted by defendants.

---

1. While plaintiff's motion is captioned "Motion to Strike Defendants' Answer," it appears that the motion should be labelled "Motion to Strike Defendants' Response to Plaintiff's Answer to the Petition Raising the Question of Jurisdiction."

2. Exhibit "A" which is attached to plaintiff's complaint is a copy of a letter from Mr. Sal Lopez, Company Manager of Tri-State, to Sterling Telecommunications Supply Company (hereinafter referred to as "Sterling") in which Tri-State authorized CTTC to order equipment from the plaintiff for defendants' cable construction project.

Defendants interposed the preliminary objections captioned "Petition Raising the Question of Jurisdiction"; in this petition, defendants assert that while this action was instituted in Luzerne County, venue of the action is improper because:

(a) the cause of action arose in Pike County;

(b) defendants have no offices or places of business in Luzerne County;

(c) defendants do not and have not regularly conducted business in Luzerne County.

Plaintiff filed an answer to defendants' preliminary objections on August 20, 1982. Upon receipt of plaintiff's answer, defendants filed, on November 8, 1982, a reply to plaintiff's answer to the preliminary objections. It is this reply to plaintiff's answer to the preliminary objections which plaintiff seeks to have stricken based upon an argument that defendants did not proceed pursuant to Rule 209 to resolve issues of fact raised by defendants' answer to the preliminary objections.

Instead, on the eve of argument on the preliminary objections, defendants filed the document entitled "Defendants' Reply to Answer to the Petition Raising the Question of Jurisdiction." Plaintiff asserts that defendants did not comport with the mandates of Rule 209 and Rule 1028(c) of the Pennsylvania Rules of Civil Procedure in that defendants failed to resolve factual disputes[3] which existed concerning the question of appropriate jurisdiction.

Argument on the preliminary objections was heard by the court. Therefore, this matter is ripe for disposition.

---

3. In an attempt to resolve disputes as to the factual issue of jurisdiction, plaintiff, on its own initiative, deposed personnel of Sterling and CTTC. Pursuant to the Court's directive of November 23, 1982, defendants have submitted citations to the transcript of deposition testimony.

## DISCUSSION AND LAW

Initially, the court notes that there continues to be confusion concerning the appropriate procedure for raising and pursuing preliminary objections.

The procedure by which preliminary objections are to be raised and the time constraints applicable to preliminary objections are set forth in Pa.R.C.P. 1028.

The court specifically notes that while Rule 1017(b)(1) designates a challenge to jurisdiction as a petition, this does not mean that Rule 209 is applicable to preliminary objections. See Credit Alliance Corporation v. Ronald Metrick and Sandra Metrick, No. 1720-C of 1982, Luzerne County Court of Common Pleas, slip op (February 11, 1983) (Toole, J.). The time periods and procedure prescribed in Pa.R.C.P. 209 do not apply to proceedings for the disposition of preliminary objections. See Sanitary Leasing Services, Inc. v. Lipski, 72 Luz. Leg. Reg. 6, f.n. 2 (1981).

However, while the time periods and procedure prescribed in Pa.R.C.P. 209 do not apply to the disposition of preliminary objections, the court instructs the parties in the instant action that one who objects to jurisdiction of an action pursuant to Rule 1017(b)(1) must do so with judicial dispatch. See Sanitary Leasing Services, at p.3.

If an issue of fact is raised by answer or by automatic denial, then the party who raised the preliminary objection bears the burden of providing evidence to support the denial of jurisdiction. See Voystock v. Lehigh Valley Railroad Co. et al., No. 11757 of 1976, Luzerne County Court of Common Pleas, slip op (1976).

When disputed issues of fact are raised on preliminary objections, the party who raised the preliminary objections has the burden of providing evi-

dence to establish and support his challenge by requesting an evidentiary hearing from the court or requesting leave to take depositions as provided by Pa.R.C.P. 1028(c). See Sanitary Leasing Services, Inc., at p.3.

In the instant action, while defendants raised the preliminary objections, upon receipt of plaintiff's answer, they neither took steps to resolve the factual issue nor did they move forward in any manner to support their claim of jurisdiction deficiency. In fact, only plaintiff moved affirmatively to resolve the factual dispute by seeking depositions from Sterling and CTTC personnel.

There are no specific procedural rules which establish the time period within which the party raising the question of jurisdiction on preliminary objections must depose or otherwise seek clarification of factual discrepancies relative to the issue of jurisdiction. However, this court as well as other courts in the state have repeatedly instructed litigants that an objection to the jurisdictional basis must move with judicious dispatch to resolve factual discrepancies in order to allow the court to determine in a prompt fashion preliminary objections.[4]

In the matter sub judice, the court finds that defendants have failed to move with judicious dispatch in an attempt to resolve the factual disputes concerning the issue of jurisdiction. The court will,

4. See Credit Alliance Corporation v. Ronald Metrick and Sandra Metrick, No. 1720-C of 1982, Luzerne County Court of Common Pleas, Slip op (February 11, 1983); Sanitary Leasing Services, Inc., p.3; Voystock v. Lehigh Valley Railroad Co. et al., No. 11757 of 1976, Luzerne County Court of Common Pleas, slip op (1976). See also Lewandowski v. General Telephone Company et al., 223 Pa. Super. 476, 302 A. 2d 478 (1973); Alumbaugh v. Wallace Business Forms, Inc., 226 Pa. Super. 511, 313 A. 2d 281 (1973).

therefore, dismiss defendants' reply to plaintiff's answer.to the petition raising the question of jurisdiction insofar as they failed to comport with the mandates of Pa.R.C.P. 1028(c).

Upon review of defendants' petition raising the question of jurisdiction along with a thorough scrutiny of plaintiff's answer to defendants' jurisdictional objection, the court finds that the jurisdiction of this action is proper in the Luzerne County Court of Common Pleas. See Burdett Oxygen Company v. I. R. Wolfe & Sons, Inc., 433 Pa. 291, 249 A. 2d 299 (1969); Pa.R.C.P. 2179(a)(4).

Accordingly, defendants' preliminary objections will be overruled and plaintiff's motion to strike defendants' answer or reply to the petition raising the question of jurisdiction will be granted.

### ORDER

It is hereby ordered, directed and decreed that the preliminary objections of defendants are overruled.

It is further ordered that plaintiff's motion to strike defendants' answer or reply to the petititon raising the question of jurisdiction is granted.