## Strank *v.* Mercy Hospital of Johnstown, Appellant.

Argued September 29, 1955. Before STERN, C. J.,
STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Leonard Shapiro,* with him *Harry E. Simmons,* for appellant.

*Frank P. Barnhart,* for appellee.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 14, 1955:

It is unfortunate that a case which involves merely the claimed right of a student nurse to be given credits for her two years' work at a school for nursing, from which school she was then dismissed, should be enveloped in a veritable maze of pleadings, arguments, decisions and appeals now protracted over a course of three years and without even the beginning as yet of any inquiry into the substantive merits of the controversy.

The facts are set forth in the opinion of this court on a former appeal (*Strank v. Mercy Hospital of Johnstown,* 376 Pa. 305, 102 A. 2d 170). Briefly stated, they are that the defendant institution conducts a school of nursing in conjunction with its hospital, that plaintiff, then a minor, enrolled in the school as a student nurse and paid the expenses incidental thereto, that

she successfully completed the work prescribed for the first two years of the course but was dismissed in her third and final year of training because she had broken a rule of the school in remaining away overnight without permission (she explained the circumstances of this infraction). She does not seek reinstatement as a student in the school but only that defendant give her transfer credits for the work she has completed in order that she may secure advanced standing in some other nursing school; this the defendant has refused to do. Plaintiff brought an action in mandamus to compel defendant to give her the credits; to her complaint defendant filed a preliminary objection raising the question of jurisdiction. We held that a writ of mandamus could not issue to enforce a right or duty which was not imposed by law but rested solely on contract, and therefore that the complaint in mandamus must be dismissed.

Following this decision plaintiff instituted the present proceedings in equity. She filed a complaint, and, after defendant filed preliminary objections thereto, an amended complaint, in which she set forth her oral arrangements with the school at the time she entered, later confirmed in part by writing and carried out by both parties for a period of two years. She alleged that these arrangements and understandings imposed upon defendant the legal duty to give her proper credits for work completed, and that, because of defendant's refusal to do so, she has suffered great damage by loss of time for which she has no adequate remedy at law. Defendant again filed preliminary objections, among them that the court did not have jurisdiction to entertain such an action in equity. The court below entered a decree dismissing the objections and ordering defendant to file an answer to the complaint. Thereupon defendant took the present appeal under the Act

of March 5, 1925, P. L. 23, thereby again raising the sole question of jurisdiction.

Plaintiff has moved to quash the appeal on the ground that the court's decree was interlocutory and not a final decree from which an appeal may properly be taken. It is true, of course, that the appeal is not from a final decree, but the very purpose of the Act of 1925 was to permit such an appeal in order that the question of jurisdiction might be preliminarily determined. The motion to quash is overruled.

There is not the slightest merit in defendant's contention that the court in equity was without jurisdiction to enter upon these proceedings; indeed the case is one peculiarly for determination by such a court. Under the Acts of June 16, 1836, P. L. 784, §13, and February 14, 1857, P. L. 39, the courts of common pleas have the jurisdiction and powers of a court of chancery in all cases such as those in which they had theretofore possessed jurisdiction and powers under the Constitution and laws of the Commonwealth, and also so far as relates to the affording of specific relief when a recovery in damages would be an inadequate remedy. They have jurisdiction not only for the prevention of acts contrary to law and prejudicial to the rights of individuals, but also for the enforcement of obligations whether arising under express contracts, written or oral, or implied contracts, including those in which a duty may have resulted from long recognized and established customs and usages, as in this case, perhaps, between an educational institution and its students. Moreover, it is the peculiar province of equity to afford relief where the measurement of damages in such cases cannot be formulated and applied in a suit at law because of their being necessarily speculative and indeterminate, and therefore the legal remedy is not adequate and complete: *H. Daroff & Sons, Inc. v. Vi-*

*tullo,* 350 Pa. 501, 507, 39 A. 2d 595, 598; *Ritz v. Rafail,* 366 Pa. 274, 276, 277, 77 A. 2d 411, 413. Indeed it might be said that it would be a reproach to our system of jurisprudence if plaintiff should be found entitled to the transfer credits which she seeks, but nevertheless neither law nor equity can furnish her any adequate means of redress.

The decree of the court below is affirmed, costs to abide the event.