## Valley Forge Golf Club v. Upper Merion Township

Before Forrest, P. J., and Groshens and Ditter, JJ.

*Duffy, McTighe & McElhone and Hankin, Hankin & Shanken,* for plaintiff.

*James E. Meneses,* for defendant.

DITTER, J., August 4, 1965.—This case comes before the court on preliminary objections to a complaint in equity which alleges a township's unconstitutional interference with the use of certain lands. The matter was precipitated when the township gave notice that it might condemn a golf course for a public recreation area under a procedure set forth in the Second Class Township Code.

The Act of May 1, 1933, P. L. 103, known as The Second Class Township Code, was amended by the Act of July 2, 1953, P. L. 354, and, among other things, sections 1907-1 and 1907-2, 53 PS §§66907.1 and 66907.2, were added. Those sections provide:

"Section 1907-1 . . . Every township shall have a general plan of its parks, recreation areas and facilities, including those which may have been or may be laid out but not opened. Such plan shall be filed in the office of the engineer or other proper officer of the town-

ship. All subdivisions of property thereafter made shall conform thereto. The location of parks, recreation areas and facilities laid out and confirmed by the township supervisors shall not afterwards be altered without the consent of the supervisors, and no map or plot of parks or playgrounds shall be entered or recorded in any public office of the township until approved by the township supervisors.

"No person shall hereafter be entitled to recover any damages for the taking for public use of any buildings or improvements of any kind which may be placed or constructed upon or within the lines of any located park or recreation area after the same shall have been located or ordained by the township supervisors.

"Section 1907-2 . . . Whenever any park, parkway or recreation area may hereafter be superimposed upon the confirmed plan of the streets, parks and recreation areas of any township in the sections not entirely built up by ordinance of the township, unless an ordinance actually appropriating the land within the lines of said park, parkway or recreation areas to public use is duly passed by the township supervisors or the land is acquired by the township supervisors within three years from the passage of the ordinance superimposing the plan upon the land, the ordinance superimposing the plans upon the land shall be void and of no effect and the plan shall be automatically removed from the land as if it had never been placed thereon, nor shall any plan again be superimposed on the said land without an accompanying ordinance condemning it to public use".

On July 13, 1964, the Board of Supervisors of Upper Merion Township enacted ordinance no. 64-141, which made provision for a general recreation plan and superimposed upon it all the land and appurtenances of the Valley Forge Golf Club, labeling it a recreation area.

"Disaster area" might be more apropos, judging by the complaint. Among other statements, plaintiff avers that this action by the supervisors "constitutes an encumbrance on its property and is a cloud upon their [sic] title and will impair and interfere with the sale or use of development by it of the aforesaid real estate". The prayer asks that the ordinance and enabling statute be declared null and void, and that plaintiff be granted such equitable relief as may be proper.

To this complaint, Upper Merion filed preliminary objections. Under a motion for more specific pleadings, defendant states that the complaint fails to allege with particularity how the ordinance interferes with or otherwise deprives plaintiff of its property. In addition, defendant demurs on the grounds that the complaint fails to set forth a sufficient basis for attacking the ordinance. These two objections can be conveniently discussed together.

It is true that the ordinance did nothing more than designate this area as public land on a general plan of township parks, facilities and recreation areas. No change was made in the property. Golfers still roam its expanses, experiencing arithmetical difficulties, pangs of conscience and moments of supreme triumph. No signs have been posted. No one has been kept from the eternal pursuit of an elusive par. The only thing that was done was to put a mark on a map and an ordinance in a book, but, by so doing, the township aimed and pulled the trigger of a gun loaded by the legislature.

When the ordinance and the quoted portions of the statute are read together, plaintiff and the world have been told that any future investments of money, materials or time may well be thrown down the drain. If plaintiff acts, it does so at its financial peril, and the peril may remain unresolved for a period of three years. For three years, the township supervisors can

putt around the idea of condemning these 138 acres with the conditions of the grounds and buildings frozen as of the time the tentative choice was made; and, in the meantime, the landowner's hands are tied.

Defendant claims that no particular damages have been set forth, but obviously none could be alleged until there was condemnation with no reimbursement provided for intervening improvements. Plaintiff is harmed by this threat and the resultant interference with its use of the land, as well as the announcement to all would-be purchasers that they may be buying a condemnation action. In Miller v. Beaver Falls, 368 Pa. 189 (1951), there was an equity proceeding raised against a similar factual background. Almost identical language in the Act of June 23, 1931, P. L. 932 (The Third Class City Law), was found to be unconstitutional, because it permitted the taking of private property without just compensation having been first paid or secured. Although on defendant's preliminary objections we cannot declare this ordinance unconstitutional, Miller v. Beaver Falls, supra, makes such an eventual conclusion only a matter of time.

Defendant has also demurred on the basis that the complaint fails to allege the lack of a full and adequate remedy at law. This is an affirmative defense, and a complaint is not defective because it fails to anticipate it. As it is, defendant fails to suggest such a remedy, and we are not aware of one. If there existed the slightest physical interference with the use of the property, we recognize that an action under the eminent domain statute would be the proper course.[1] As it is, there is no actual "taking" in the legal sense, although an equitable interference is alleged. ". . . it is the peculiar province of equity to afford relief where the

---

[1] See, for example, Schwab v. Pottstown Borough, 407 Pa. 531 (1962).

measurement of damages in such cases cannot be formulated and applied in a suit at law because of their being necessarily speculative and indeterminate, and therefore the legal remedy is not adequate and complete": Strank v. Mercy Hospital of Johnstown, 383 Pa. 54, 57 (1955).

Finally, defendant asks that the complaint be stricken because the parties are improperly named in the caption. Defendant's brief suggests that plaintiff's name should include some word such as "company", "corporation" or "incorporated", and that defendant should be referred to as "Upper Merion Township", rather than "Township of Upper Merion". We do not find these to be particularly significant defects, if they are defects at all. We notice that the ordinance in question, no. 64-141, refers to ". . . all the land and appurtenances thereon of the *Valley Forge Golf Club* . . ." (Italics supplied). Since that is the name by which plaintiff designates itself in the present action, we have no reason to believe that it is trying to use someone else's handicap.

Defendant also contends that it has been misnamed, and to its brief attached an exhibit bearing the seal of the township to bolster its argument that it is known as "Upper Merion Township". On the other hand, the court has before it a copy of the township's ordinance no. 128, enacted April 8, 1963, which relates to the fixing of a tax on real estate transfers, and which uses the phrase "Township of Upper Merion" five times and the phrase "Upper Merion Township" once. We believe that under the circumstances, there is little chance that others will take up the cudgels in this case, and also that, with reasonable luck, the court and the parties will be able to know who is suing whom.

## ORDER

And now, August 4, 1965, upon consideration of oral argument and briefs of counsel, defendant's prelimi-

nary objections are dismissed, and defendant is granted leave to file an answer within 20 days.

OPINION SUR MOTION FOR JUDGMENT ON PLEADINGS

DITTER, J., January 14, 1966.—Plaintiff has moved for judgment on the pleadings, despite defendant's answer which denies allegations found in the complaint.

Plaintiff is the owner of a golf course. Defendant enacted an ordinance designating certain lands in the township as public recreation areas, one such area being the property owned by plaintiff. This ordinance was enacted under the provisions of The Second Class Township Code, the Act of May 1, 1933, P. L. 103, as amended, 53 PS §§66907.1 and 66907.2. The general purpose of such an ordinance is to preserve the status quo of an affected piece of property for a maximum of three years, prevent any improvements which would increase its value and thus keep down its eventual cost to the municipality. The designation of such an area, however, does not obligate the township to acquire the land if its plans change in the meantime. In the interim, should a property owner make improvements and the township acquire his land, he may not be paid for them. If he does not make improvements during the three years in which his rights are held in suspension, he pays the penalty of rising costs and whatever profits could have been enjoyed from better facilities should the township not acquire his ground. Plaintiff brought the present action to have the ordinance and the enabling statute declared null and void and for such other equitable relief as might be afforded to it. In a previous opinion in this matter (supra, page 182), prompted by defendant's preliminary objections to the complaint, we expressed the thought that the ordinance was unconstitutional because it deprives plaintiff of the full enjoyment of its property without an award of just compensation.

While recognizing that an answer which demands

proof and controverts factual assertions will prevent ordinarily the entry of a judgment on the pleadings, plaintiff contends that the answer in this case does not bar summary relief. Plaintiff asserts that defendant's denials fall into three categories:

1. Some dispute allegations, the proof of which can be ascertained from examining public records;

2. Others raise questions of law; and

3. One paragraph of the answer attempts to introduce irrelevant matter.

We agree with plaintiff, and will grant the motion it seeks. Defendant has demanded proof about which there can be little real dispute, or which it could establish with little or no effort. For example, it demands proof of the corporate existence of plaintiff, the address of, plaintiff's place of business, its ownership of the premises, the recording of the applicable deed and plaintiff's demands for revocation of the ordinance. Plainly these demands, under the circumstances here, are without real substance. It must be borne in mind that defendant enacted the ordinance in question, designated the land, and can easily check public records if it has any question about plaintiff's name, existence or ownership. Defendant's denials and demands for proof are insufficient, since it is obvious that no reasonable investigation has been made to discover the facts averred in the complaint.

Paragraph 8 of plaintiff's complaint avers the unconstitutionality of the ordinance and the enabling statute upon which the ordinance is based. Paragraph 9 of the complaint avers that passage of the ordinance and the designation of plaintiff's land constitutes an encumbrance on its property and a cloud upon its title. Defendant's answer, demanding proof of these allegations, does not raise any factual dispute, since these assertions deal with matters of law.

The same is true with regard to defendant's denial

of plaintiff's tenth allegation, that delay might cause plaintiff large financial loss. As we view the questions here, plaintiff would not be required to prove actual loss or actual interference with its exercise of dominion over the premises in question. One who deprives another of the lawful use of his property cannot demand proof of financial hardship in defense of a suit to have that property returned. Basically, plaintiff's claim is not for damages, but to be free of unwarranted handicap.

It is our belief that defendant's answer in no way interposes a valid bar to entry of judgment in accordance with plaintiff's complaint, and that the relief which plaintiff seeks should be granted.

And now, January 14, 1966, plaintiff's motion for judgment is hereby granted, and ordinance no. 64-141 is hereby declared to be null and void. The costs of this action are imposed upon defendant.