# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Steven Konyk, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 538 M.D. 2014 |
| | : | |
| The Pennsylvania State Police of the | : | Argued: September 16, 2015 |
| Commonwealth of Pennsylvania, | : | |
| | : | |
| Respondent | : | |

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge[1]
            HONORABLE BERNARD L. McGINLEY, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
            HONORABLE RENÉE COHN JUBELIRER, Judge
            HONORABLE MARY HANNAH LEAVITT, Judge[2]
            HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE ANNE E. COVEY, Judge

**OPINION BY**
**JUDGE COHN JUBELIRER**[3]                    **FILED:  January 12, 2016**

Before this Court in our original jurisdiction are the Preliminary Objections (POs) in the nature of a demurrer of the Pennsylvania State Police (PSP) to Steven Konyk's (Petitioner) "Amended Petition for Review in the Nature of a Writ of

---

[1] This case was assigned to the opinion writer before December 31, 2015, when President Judge Pellegrini assumed the status of senior judge.

[2] This case was assigned to the opinion writer before January 4, 2016, when Judge Leavitt became President Judge.

[3] This matter was reassigned to the authoring judge on December 8, 2015.

Mandamus Seeking to Compel the [PSP] to Change Petitioner's Sexual Offender Registration Status in Accordance with the Law Addressed to the Court's Original Jurisdiction" (Petition for Review). For the following reasons, we overrule the POs in part, sustain the POs in part, and dismiss the Petition for Review with prejudice.

On April 14, 2005, Petitioner pled guilty in the United States District Court for the Eastern District of Pennsylvania to one count of Possessing Visual Depictions of Minors Engaged in Sexually Explicit Conduct in violation of 18 U.S.C. § 2252(a)(4)(B). (Petition for Review ¶¶ 2-3.) Petitioner's guilty plea resulted from negotiations and a plea agreement between Petitioner and the United States of America. (Petition for Review ¶ 3.) Petitioner alleges that he "was instructed and entered into a plea agreement . . . pursuant to an understanding and agreement" that he "was required to register only for ten (10) years" and that such understanding "was an important consideration that Petitioner took into account in accepting a negotiated plea and which he relied upon." (Petition for Review ¶¶ 4-5.)

Petitioner began registering as a sexual offender on March 9, 2007. On December 3, 2012, the PSP notified Petitioner that pursuant to the enactment of the Sexual Offender Registration and Notification Act (SORNA),[4] Petitioner was now required to register for his lifetime until his tier level could be determined.

---

[4] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§ 9799.10-9799.41. Courts have also referred to SORNA as the Adam Walsh Act.

(Petition for Review ¶ 9.)  On January 15, 2013, Petitioner was reclassified as a Tier I offender, was required to register for fifteen years, and his registration information was placed on the PSP's website for the same period of time. Petitioner alleges that this increase in his registration period violates the terms of his plea agreement, which Petitioner alleges is an "implied contract between himself and the Commonwealth." (Petition for Review ¶¶ 14-15.)  Petitioner seeks an order "specifically enforc[ing] the implied contract between himself and the Commonwealth" and declaring "that Petitioner will satisfy his registration requirements no later than March 2017." (Petition for Review ¶ 15.)

The PSP demurs to the Petition for Review through three POs.  First, the PSP alleges that Petitioner has failed to state a claim because SORNA applies to Petitioner and Petitioner was properly reclassified as a Tier I offender, carrying a fifteen year registration requirement.[5]  (POs ¶¶ 18-31.)  Next, the PSP alleges that mandamus will not lie against the PSP because the statute of limitations has run for these types of actions and that the PSP lacks the duty or authority to change Petitioner's registration requirements.  (POs ¶¶ 32-44.)  Third, the PSP alleges that Petitioner's contract claims fails as a matter of law because: (1) the PSP is not a party to the plea agreement between Petitioner and the United States; and (2) assuming that the PSP is a party to the plea agreement, a claim against the PSP is barred by sovereign immunity.  (POs ¶¶ 45-51.)

## I.      SORNA's Requirements

---

[5] Petitioner does not allege that SORNA does not apply to him or that he is improperly classified under the law.  We shall, therefore, overrule this PO.

3

SORNA was enacted on December 20, 2011 with the goal of strengthening the Commonwealth's laws regarding registration of sexual offenders and bringing Pennsylvania into compliance with the federal Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945. Section 9799.11(a)(1), (2) of SORNA, 42 Pa. C.S. § 9799.11(a)(1), (2). SORNA is the fourth enactment by the General Assembly of the law commonly referred to as Megan's Law.[6] SORNA built upon the registration requirements of previous versions of Megan's Law by expanding the list of offenses requiring registration, increasing registration periods, and grouping sexual offenders into one of three tiers based upon the offense committed. Section 9799.14 of SORNA, 42 Pa. C.S. § 9799.14. SORNA imposes mandatory registration periods for adults of fifteen years, twenty-five years, and lifetime, depending upon an offender's tier classification. Section 9799.15 of

---

[6] Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), was enacted on October 24, 1995, and became effective 180 days thereafter. Megan's Law II was enacted on May 10, 2000 in response to Megan's Law I being ruled unconstitutional by our Supreme Court in Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999). Our Supreme Court held that some portions of Megan's Law II were unconstitutional in Commonwealth v. Gomer Williams, 832 A.2d 962 (Pa. 2003), and the General Assembly enacted Megan's Law III on November 24, 2004. The United States Congress expanded the public notification requirements of state sexual offender registries in the Adam Walsh Child Protection and Safety Act of 2006, 42 U.S.C. §§ 16901-16945, and the Pennsylvania General Assembly responded by passing SORNA on December 20, 2011 with the stated purpose of "bring[ing] the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006." 42 Pa. C.S. § 9799.10(1). SORNA went into effect a year later on December 20, 2012. Megan's Law III was also struck down by our Supreme Court for violating the single subject rule of Article III, Section 3 of the Pennsylvania Constitution. Commonwealth v. Neiman, 84 A.3d 603, 616 (Pa. 2013). However, by the time it was struck down, Megan's Law III had been replaced by SORNA.

SORNA, 42 Pa. C.S. § 9799.15.[7]  Relevant to this case, SORNA applies to all individuals that were already subject to registration requirements of previous versions of Megan's Law that had not completed the registration period by December 20, 2012, the date SORNA became effective.  Section 9799.13(3) of SORNA, 42 Pa. C.S. § 9799.13(3).

As a consequence of his April 14, 2005 federal conviction, Petitioner was originally required to register under Megan's Law III for ten years.  See Section 9795.1(a)(3) of Megan's Law III, 42 Pa. C.S. § 9795.1(a)(3) (expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.41) (stating that a ten year registration requirement applies to "[i]ndividuals currently residing in this Commonwealth who have been convicted of offenses similar to," *inter alia*, "18 Pa. C.S. § 5903(a)(3), (4), (5), or (6) (relat[ed] to obscene and other sexual materials and performances) where the victim is a minor).  Upon the enactment of SORNA, Petitioner was classified as a Tier I offender and required to register for fifteen years.  See 42 Pa. C.S. § 9799.14(b)(12) (listing convictions for 18 U.S.C. § 2252(a)(4) as a Tier I offense); 42 Pa. C.S. § 9799.15(a)(1) (stating that "[a]n individual convicted of a Tier I sexual offense . . . shall register for a period of 15 years").  Thus, under SORNA, Petitioner's mandatory registration period increased by five years.

With the foregoing in mind, we shall now consider the PSP's challenges to the legal sufficiency of Petitioner's allegations.  In doing so we are aware that,

---

[7] Under Section 9795.1 of Megan's Law III, 42 Pa. C.S. § 9795.1 (expired December 20, 2012, pursuant to 42 Pa. C.S. § 9799.41), sexual offenders were required to register for either ten years or lifetime depending on the offense committed.

5

when assessing the legal sufficiency of a petition for review, "the Court must accept as true all well-pleaded allegations of material fact as well as all reasonable inferences deducible therefrom." Rodgers v. Pennsylvania Department of Corrections, 659 A.2d 63, 65 (Pa. Cmwlth. 1995). A petitioner is under *no burden* to prove his cause of action at this preliminary stage. Surgical Laser Technologies, Inc. v. Department of Revenue, 626 A.2d 664, 671 (Pa. Cmwlth. 1993). Moreover, a demurrer must only be sustained "where it appears, with certainty, that the law permits no recovery under the allegations pleaded." Rodgers, 659 A.2d at 65.

## II.  Discussion

### 1. Mandamus

The PSP alleges that Petitioner has failed to state a claim in mandamus because Petitioner's claims are barred by the six-month statute of limitations period applicable to mandamus actions, that mandamus is only applicable to situations where the petitioner has a clear legal right to the performance of a mandatory ministerial duty, and that the PSP has no such duty here to change Petitioner's registration requirements.

Although the Petition for Review is self-labeled as a "Petition for Review in the Nature of a Writ of Mandamus . . .," a review of the Petition for Review reveals no instances where Petitioner is requesting the PSP to undertake a mandatory duty.[8] Petitioner is asserting a common law contract claim against the PSP and

---

[8] It has long been established that "a writ of mandamus could not issue to enforce a right or duty which was not imposed by law but rested solely on contract." Strank v. Mercy Hospital of Johnstown, 117 A.2d 697, 698 (Pa. 1955). Petitioner alleges that his plea agreement, not SORNA or the United States or Pennsylvania Constitutions, establishes his right to be removed

*(Continued…)*

6

seeks equitable relief in the form of specific performance of the terms of his plea agreement with the United States. See DuBois Dutch, LLC v. Guido, 977 A.2d 1225, 1230 (Pa. Cmwlth. 2009) (stating that "[s]pecific performance is an equitable remedy allowing a court to compel performance of a contract where there exists in the contract an agreement between the parties as to the nature of the performance"). Thus, the allegations in the Petition for Review do not sound in mandamus. For the reasons set forth in Taylor v. The Pennsylvania State Police, ___A.3d___, ____ (Pa. Cmwlth., No. 532 M.D. 2014, filed January 12, 2016) (*en banc*), slip op. at 11-12, a procedurally similar case, we also conclude here that this Court should consider the Petition for Review as if it was asserting a common law contract claim seeking equitable relief over which we have original jurisdiction pursuant to Section 761(a) of the Judicial Code.[9] We, therefore, overrule the PSP's PO alleging that Petitioner's claims are barred by the statute of limitations applicable to a mandamus action[10] and that mandamus will not lie because the PSP lacks a mandatory duty to provide the relief requested.

---

from the sexual offender registry after ten years. SORNA clearly required Petitioner to register with the PSP as a sexual offender for fifteen years. 42 Pa. C.S. § 9799.15(a)(1).

[9] 42 Pa. C.S. § 761(a). Section 761(a) of the Judicial Code provides, in relevant part, that with few exceptions not applicable here the "Commonwealth Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity." Id.

[10] Actions based on an implied contract or upon a judgment of any court in the United States are subject to a four-year statute of limitations. Section 5525(a)(4) and (a)(5) of the Judicial Code, 42 Pa. C.S. § 5525(a)(4), (5). Petitioner's right to file an action began either on December 20, 2012 when SORNA became effective or on January 15, 2013, when Petitioner was reclassified as a Tier 1 Offender. The Petition for Review was originally filed in this Court on October 14, 2014, less than two years later, clearly within the statute of limitations period.

### 2. Implied Contract

Petitioner alleges that he entered into a plea agreement with the United States with the understanding and agreement of the United States that he was required to register as a sexual offender for ten years. (Petition for Review ¶¶ 3-4.) Petitioner alleges that through entering into said agreement with the United States, which required his registration under Megan's Law III, he also entered into an implied contract with the Commonwealth that incorporated the law as it existed at the time of the agreement. (Petition for Review ¶ 13.) Petitioner further contends that the Commonwealth breached the alleged implied contract by applying the increased registration requirements of SORNA upon him retroactively. (Petition for Review ¶ 14.)

The Superior Court recently addressed nearly identical facts and allegations in <u>Commonwealth v. Giannantonio</u>, 114 A.3d 429 (Pa. Super. 2015). Like Petitioner, Giannantonio sought specific enforcement of his negotiated plea agreement with a federal prosecutor in federal court under an implied contract theory. <u>Id.</u> at 433-34. Giannantonio entered into a plea agreement with the United States when Megan's Law III was in effect, which required Giannantonio to register for ten years. <u>Id.</u> at 432. Upon SORNA's effective date, the PSP notified Giannantonio that he was now classified as a Tier I offender and required to register for fifteen years. <u>Id.</u> Giannantonio filed a habeas corpus petition in a trial court where he sought exemption from SORNA's registration requirements, argued that the surrounding circumstances of his plea agreement with the United States showed that an implied contract was formed between himself and the Commonwealth, and that the Commonwealth was a third party beneficiary of his

8

plea agreement. Id. at 432-34. A hearing was held on the matter where Giannantonio was the sole witness. Id. at 433. Giannantonio "did not offer into evidence a written plea agreement, the notes of testimony from the federal proceedings, or evidence from the attorney who had assisted him in negotiating the federal plea." Id. The trial court denied the petition.

On appeal, the Superior Court concluded that no express or implied contract restricted the application of SORNA upon Giannantonio. Id. at 435-36. The Superior Court stated:

> The record indicates that Giannantonio entered into a plea agreement with a federal prosecutor after being charged with federal offenses stemming from his possession of child pornography. There is no indication of any involvement by Commonwealth representatives. Because the Commonwealth had no involvement or participation in the plea negotiation there is no implied contract between Giannantonio and the Commonwealth.

Id. at 434. Because there was no evidence in the record showing that the Commonwealth: (1) was involved or participated in the plea negotiation; (2) was the intended beneficiary of the agreement; or (3) benefited from the agreement, the Superior Court affirmed the trial court's decision to deny Giannantonio's habeas corpus petition. Id. at 434-35.

We agree with the holding of the Superior Court in Giannantonio. Although Giannantonio was a different type of litigation and decided at a different stage in the process than the instant matter, the Superior Court's reasoning in that case leads us to conclude that Petitioner has not alleged the facts necessary to survive

the PSP's demurrer. Petitioner has not pled that the Commonwealth was involved or participated in the plea negotiations, was an intended beneficiary of the plea agreement, or benefited from the agreement. Accordingly, we conclude that Petitioner has failed to allege any facts that, if true, could show that the Commonwealth is in an implied contractual relationship with Petitioner. Because Petitioner's request that we specifically enforce his plea agreement is based upon legal allegations that are unsupported by necessary factual averments, we sustain the PSP's PO in accordance with Giannantonio and dismiss the Petition for Review with prejudice.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Konyk,                           :
                                        :
                Petitioner              :
                                        :
        v.                              :    No. 538 M.D. 2014
                                        :
The Pennsylvania State Police of the    :
Commonwealth of Pennsylvania,           :
                                        :
                Respondent              :

## O R D E R

**NOW**, January 12, 2016, the Pennsylvania State Police's (PSP) Preliminary Objections to the Amended Petition for Review in the above-captioned matter are **OVERRULED**, in part, and **SUSTAINED**, in part. The Amended Petition for Review is **DISMISSED WITH PREJUDICE**.

_____
**RENÉE COHN JUBELIRER, Judge**

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Konyk, : 
              Petitioner : 
               : 
             v. : No. 538 M.D. 2014
               : Argued: September 16, 2015
The Pennsylvania State Police of the : 
Commonwealth of Pennsylvania, : 
             Respondent : 

BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
                HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Judge
                HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MARY HANNAH LEAVITT, Judge
                HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE ANNE E. COVEY, Judge

**CONCURRING OPINION BY**
**JUDGE LEADBETTER**                **FILED:  January 12, 2016**

For the reasons stated in *Taylor v. Pennsylvania State Police* (Pa. Cmwlth., No. 532 M.D. 2014, filed January 12, 2016) and *Dougherty v. Pennsylvania State Police* (Pa. Cmwlth., No. 537 M.D. 2014, filed January 12, 2016), I disagree with the majority's discussion under the heading "Mandamus," although I agree with the balance of its opinion.  Accordingly, I concur in the result.

                          _____
                          **BONNIE BRIGANCE LEADBETTER,**
                          Judge