J-A17008-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JAMP DEVELOPMENT, LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NEW BEGINNINGS CHURCH OF | : | No. 67 EDA 2022 |
| BUCKS COUNTY ANGELY ASSET | : | |
| MANAGEMENT COMPANY D/B/A | : | |
| RE/MAX CENTRE REALTORS, AND | : | |
| HERMAN PETRECCA | : | |

Appeal from the Judgment Entered December 8, 2021
In the Court of Common Pleas of Bucks County Civil Division at No(s):
2017-04171

BEFORE:   PANELLA, P.J., NICHOLS, J., and COLINS, J.*

MEMORANDUM BY PANELLA, P.J.:                    **FILED NOVEMBER 9, 2022**

This case involves the failed sale of a vacant parcel of land owned by New Beginnings Church of Bucks County to JAMP Development, LLC. After careful review, we affirm.

New Beginnings purchased the property in 2005 for $359,000.00. In 2010, the church listed the property for $499,000.00. The price was lowered multiple times, yet New Beginnings did not receive any offers. In 2015, New Beginnings signed a listing contract with Herman Petrecca and lowered the asking price to $249,000.00. On December 30, 2015, JAMP, a land developer,

_____

* Retired Senior Judge assigned to the Superior Court.

and New Beginnings signed an Agreement of Sale, which expressed that JAMP would purchase the property for $170,000.00 subject to three contingencies. Petrecca acted as dual agent, representing both New Beginnings and JAMP. The Agreement of Sale contained a settlement date of October 1, 2016, and JAMP presented $10,000.00 as a deposit.

The parties failed to proceed to closing the purchase by the closing date of October 1, 2016. JAMP attempted to close following the agreed upon date, but New Beginnings declined to close on the sale, indicating that the settlement date had passed.

On June 26, 2017, JAMP initiated this action with the filing of a complaint raising claims of specific performance, breach of contract, and unjust enrichment. New Beginnings filed its Answer, New Matter, Counterclaim and Cross-Claim, joining additional defendants.[1] All parties filed motions for summary judgment, which the trial court denied.

The case proceeded to a nonjury trial on November 1, 2021. During the trial, New Beginnings and the additional defendants reached a settlement. At the conclusion of trial, the court entered a verdict in favor of New Beginnings. Specifically, the trial court ruled that the Agreement of Sale was unambiguous regarding the closing date being set for October 1, 2016. Further, the trial

---

[1] New Beginnings joined Angely Asset Management Company d/b/a RE/MAX Centre Realtors and Petrecca as additional defendants.

court determined that JAMP failed to tender settlement on or before the October 1, 2016 settlement date and declined to order specific performance.

JAMP filed timely post-trial motions, which the trial court denied. New Beginnings then filed a praecipe to enter judgment. This timely appeal by JAMP followed. Both JAMP and the trial court complied with Pa.R.A.P. 1925.

JAMP first argues that the trial court erred in determining the Agreement of Sale was unambiguous. JAMP asserts that paragraphs 4 and 29(B) are in conflict as to the dates of settlement, creating an ambiguity. In addition, JAMP argues that the trial court should have ordered specific performance because New Beginnings prevented JAMP from closing on the property by October 1, 2016.

"[W]e review the trial court's nonjury verdict to determine if the trial court's findings are supported by the evidence or whether the trial court committed legal error." **Palmieri v. Partridge**, 853 A.2d 1076, 1078 (Pa. Super. 2004) (citation omitted). Because the issues concern the interpretation of a contract, which is a question of law, our standard of review of the sales agreement is *de novo*. **See id**. (citation omitted).

A fundamental rule in construing a contract is to ascertain and give effect to the intent of the contracting parties. **See Kmart of Pennsylvania, L.P. v. MD Mall Associates, LLC**, 959 A.2d 939, 943 (Pa. Super. 2008). The intent of the parties in a written contract is contained within the writing itself.

*See id.* at 944. When the contract is clear and unambiguous, the meaning of the contract is ascertained from the writing alone. *See id*. Moreover,

> [i]t is well-settled that clauses in a contract should not be read as independent agreements thrown together without consideration of their combined effects. Terms in one section of the contract, therefore, should never be interpreted in a manner which nullifies other terms in the same agreement. Furthermore, the specific controls the general when interpreting a contract.

*Southwestern Energy Production Co. v. Forest Resources, LLC*, 83 A.3d 177, 187 (Pa. Super. 2013) (quoting *Trombetta v. Raymond James Financial Services, Inc.*, 907 A.2d 550, 560 (Pa. Super. 2006)).

In addition, an action for specific performance sounds in equity. *See Lackner v. Glosser*, 892 A.2d 21, 31 (Pa. Super. 2006). Our standard of review over an equitable matter requires a determination as to whether an error of law or abuse of discretion has been committed. *See Southall v. Humbert*, 685 A.2d 574, 576 (Pa. Super. 1996). Our scope of review is limited in that it does not allow us to disturb an equitable determination unless it is unsupported by the evidence or is demonstrably capricious. *See id*. Our review of a final equity decree is very narrow. *See Yarnall v. Almy*, 703 A.2d 535, 536 (Pa. Super. 1997).

We explained in *American Leasing v. Morrison Co*., 454 A.2d 555 (Pa. Super. 1982), the well-established principle under the Statute of Frauds that "the terms purporting to convey an interest in land must be manifest in writing, in order to make the contract enforceable. The property must be adequately described, the consideration must be set forth, and the agreement

- 4 -

must be signed by the party to be charged." *Id*. at 557-558 (citation omitted).

*See also*, 33 P.S. § 1.[2] The fundamental purpose of the Statute of Frauds is to prevent assertions of verbal understandings that are contrary to the written agreement, thereby obviating the opportunity for fraud and perjury. *See Fannin v. Cratty*, 480 A.2d 1056, 1058 (Pa. Super. 1984). Even so, Pennsylvania has adopted the principle that "every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." *John B. Conomos, Inc. v. Sun Co.*, 831 A.2d 696, 706 (Pa. Super. 2003).

We observe that JAMP's request of specific performance seeks a form of equitable relief that is largely entrusted to the discretion of the trial court:

> [s]pecific performance compels the surrender of a thing in itself, because that thing is unique and cannot by its nature be duplicated.  The value of the object sought transcends money because it has no peer of location, antiquity, artistry or skill. Thus, when two persons want only what one can have, only the clearest right can prevail, and it cannot be decided by reasons other than the most careful discrimination of long precedent and careful scrutiny of the equities arising from the facts. A Chancellor must at last be relied upon to perceive them, and if the facts can support his decision, we are bound to follow it.

*Cimina v. Bronich*, 537 A.2d 1355, 1357-1358 (Pa. 1988) (citations omitted).

---

[2] The Statute of Frauds provides, in pertinent part, that no estates or interests in land "shall ... be assigned, granted or surrendered, unless it be by deed or note, in writing, signed by the party so assigning, granting or surrendering the same*,* or their agents, thereto lawfully authorized by writing[.]" 33 P.S. § 1.

Our Supreme Court has long explained that if an agreement of sale provides that time is of the essence, the agreement will not be specifically enforced in equity unless the buyer tenders performance on or before the settlement date. **See Phaff v. Gerner**, 303 A.2d 826, 831 (Pa. 1973). Further, regarding allegations that a seller cannot convey title, "the way to ascertain whether [a party] could [convey title] was to make a tender on or before the day named, and, this not having been done, the court could not decree specific performance." **McKuen v. Serody**, 112 A. 460, 461 (Pa. 1921) (citation omitted).

We have reviewed the briefs of the parties, the relevant law, the certified record, and the thorough opinion authored by the Honorable James M. McMaster of the Court of Common Pleas of Bucks County, dated January 1, 2022. We conclude that Judge McMaster's opinion adequately and accurately addresses JAMP's issues.

Regarding JAMP's first claim that the trial court erred in determining the Agreement of Sale was unambiguous because paragraphs 4 and 29(B) are in conflict as to the date of settlement, we agree with the trial court's determination that the contract is not ambiguous. Time being of the essence, Paragraph 4(A) sets the specific date for settlement on October 1, 2016, or before, and Paragraph 5(D) explains that the settlement date is not extended by any other provision of the Agreement of Sale, unless done so by mutual agreement of the parties. Therefore, the contingencies in Paragraph 29(B) did

not create a new timeline for settlement but set forth the requirements that needed to be fulfilled prior to the October 1, 2016 settlement date. Accordingly, we adopt as our own the trial court's cogent discussion on this issue. *See* Trial Court Opinion, 1/11/22, at 5-7.

We likewise find no merit to JAMP's claim that the trial court should have ordered specific performance because New Beginnings allegedly prevented JAMP from closing on the purchase by October 1, 2016. As the trial court aptly explained, the record is devoid of evidence that JAMP tendered payment on or before the settlement date. *See* Trial Court Opinion, 1/11/22, at 8. As such, the trial court did not commit any error in determining that JAMP was not entitled to specific performance, and we agree with the court's decision to award JAMP the return of its initial $10,000.00 deposit money.

Accordingly, we discern no error in the trial court rendering a verdict in favor of New Beginnings. We therefore affirm the judgment.

Judgment affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/09/2022

**IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| JAMP DEVELOPMENT, LLC | : | NO. 2017-04171 |
| Plaintiff, | | |
| | : | |
| vs. | : | |
| | : | |
| NEW BEGINNINGS CHURCH OF | : | |
| BUCKS COUNTY, | : | |
| Defendant, | : | |
| ANGELY ASSET MANAGEMENT | : | |
| COMPANY, d/b/a RE/MAX CENTRE | : | |
| REALORS, and HERMAN PETRECCA, | : | |
| Additional Defendants. | : | |

**OPINION**

This is an appeal by JAMP Development, LLC (hereinafter "JAMP") of a judgment entered on December 8, 2021 after an Order entered in this matter on November 22, 2021, denying JAMP's Motion for Post-Trial Relief. This Opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a) in support of this Court's Order.

BACKGROUND

On December 30, 2015, JAMP and New Beginnings Church of Bucks County (hereinafter "New Beginnings") entered into a written agreement for the sale of real property (hereinafter "Agreement of Sale") located at 1427 Almshouse Road, Jamison, Bucks County, Pennsylvania (hereinafter "Property") for a purchase price of $170,000.00 (one-hundred seventy thousand dollars). *See generally* Complaint Ex. A. The Agreement of Sale was executed by JAMP, as buyer, and New Beginnings, as seller. JAMP agreed to pay a deposit of $10,000 (ten thousand dollars) within five (5) days of execution of the Agreement of Sale. *Id.* at 2. Herman Petrecca (hereinafter "Petrecca") is a licensed real estate sales agent who acted as a dual agent for JAMP and New Beginnings. *Id.* at 1. Angely Asset Management Company d/b/a Re/Max Centre Realtors (hereinafter

1



"Angely") is the broker for Petrecca. N.T.[1] at 125-126.

By this Agreement of Sale, per Paragraph 4(A), the settlement date for the Property was "October 1, 2016, or before if buyer and seller agree." Complaint Ex. A. at ¶4(A). Paragraph 5(B) of the Agreement of Sale clarifies, "[t]he settlement date and all other dates and times identified for the performance of any obligations of this Agreement are of the essence and are binding." *Id.* at ¶5(B). Further, Paragraph 5(D) of the Agreement of Sale conditions, "[t]he settlement date is not extended by any other provision of this Agreement and may only be extended by mutual written agreement of the parties." *Id.* at ¶5(D). The Agreement of Sale was subject to three (3) contingencies agreed upon by JAMP and New Beginnings. N.T. at 66. These contingencies were outlined by Paragraph 29(B).

The parties failed to proceed to settlement by the written and agreed upon date of October 1, 2016. On June 26, 2017, JAMP filed a Civil Complaint with this Court, raising claims of specific performance (Count I), breach of contract (Count II), and unjust enrichment (Count III) against New Beginnings. New Beginnings thereafter filed an Answer, New Matter, Counterclaim for Breach of Contract as to JAMP, and Crossclaim against Petrecca and Angely as additional Defendants. Years of litigation and a multitude of filings ensued. On April 1, 2021, JAMP filed a Motion for Summary Judgment.[2] Days later, on April 7, 2021, additional Defendants Petrecca and Angely filed a Motion for Summary Judgment. Both JAMP's and the additional Defendants' Motions were denied by this Court on June 10, 2021. New Beginnings filed a Motion for Summary Judgment on May 24, 2021, which was also denied by this Court on August 2, 2021.

On November 1, 2021, a bench trial was held before the undersigned and a verdict was entered in favor of New Beginnings. This Court held that the

---

[1] All references to Notes of Testimony ("N.T.") are to testimony taken on November 1, 2021, at a bench trial held before the undersigned.

[2] JAMP filed another Motion for Summary Judgment on April 15, 2021, which was identical to its April 1, 2021 Motion for Summary Judgment.

2

Agreement of Sale was unambiguous and expired on the written settlement date of October 1, 2016. N.T. at 242-243. It was found New Beginnings was under no obligation to sell the Property as there was no tender of settlement by JAMP prior to October 1, 2016. *Id.* Further, this Court found, because New Beginnings is no longer willing to settle, and thus the Agreement of Sale has failed, JAMP is entitled to a return of its $10,000 (ten thousand dollar) deposit. *Id.*

Thereafter, JAMP filed a Motion for Post-Trial Relief on November 12, 2021. JAMP requested the verdict in favor of New Beginnings be set aside and judgment entered in favor of JAMP. The Motion for Post-Trial Relief was denied by this Court on November 22, 2021.

## STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

On December 20, 2021, JAMP filed a Notice of Appeal of this Court's November 22, 2021 Order denying its Motion for Post-Trial Relief. Subsequently, on December 6, 2021, this Court issued a 1925(b) Order to JAMP, providing it was to submit a Statement of Matters Complained of on Appeal within twenty-one (21) days of the date of the Order. JAMP timely filed its Statement of Matters Complained of on Appeal on December 23, 2021, and it is stated below, *verbatim*:

1. Whether this Court committed reversible error by holding that the Agreement of Sale was unambiguous and set a definitive closing date of October 1, 2016, where: (a) this Court interpreted Paragraph 4 in a vacuum at trial without regard to Paragraph 29(B)---which is in conflict with Paragraph 4; (b) Appellee/Defendant New Beginnings Church of Bucks County ("New Beginnings") asserted in a verified pleading one month before trial that the Agreement of Sale was "ambiguous and unclear," (c) New Beginnings' current pastor, Ben Rivera, testified at trial that nothing had changed since the filing of the pleading to alter New Beginnings' reading of the Agreement of Sale; (d) Robert Novak testified that Ben Rivera's representation to this Court was truthful; (e) defense counsel conceded during his closing argument that the Agreement of Sale was ambiguous; (f) because the two provisions cannot be read in harmony with one another, the Agreement of Sale is ambiguous, necessitating consideration of parol evidence; (g) Herman Petrecca, John Piotrowski, and Matthew Piotrowski all testified during trial that Paragraph 29(B) of the Agreement of Sale established the closing date for the transaction and that the date in Paragraph 4 was simply a target date, and New Beginnings did not offer any competent

3

evidence to refute this testimony; (h) the parties' undisputed intent is reinforced by the terms and structure of the Agreement of sale; (i) construing the Agreement of Sale as setting a definitive closing date of October 1, 2016 requires re-writing the Agreement and adding the following bolded and italicized language to Paragraph 29(B): "Settlement in 30 days after township approval is granted and/or the current site contractor using the lot vacates the lot and buyer approves conditions, *so long as one or both conditions occur on or before October 1, 2016*"—which conflicts with settled principles of contract interpretation; (j) such an interpretation also leads to an absurd result, because it mandates closing by October 1, 2016 regardless of whether the contingencies in Paragraph 29(B) have been satisfied, thereby rendering those contingencies meaningless and transforming this into a non-contingent sale; and (k) this Court's interpretation of the Agreement of Sale at trial violates the "law of the case" doctrine, because President Judge Bateman necessarily found that the Agreement of Sale was ambiguous and that there were factual issues that needed to be resolved at trial, when he denied New Beginnings' Cross-Motion for Summary Judgment earlier in this litigation?

2. Whether, in the alternative, this Court committed reversible error by refusing to order specific performance of the Agreement of Sale and rendering a verdict in favor of New Beginnings and against JAMP where: (a) it is fundamental that a buyer's obligation to tender by a fixed date is excused where the seller is not ready to settle by that date, *see e.g., Michael and Linda, LLC v. Smith*, 216 A.3d 262 (Pa. Super. Ct. 2019); (b) New Beginnings could not convey good and marketable title on October 1, 2016 because Herman Petrecca and Robert Novak both testified New Beginnings never provided the title company with the necessary documents to execute closing, thereby rendering any tender by JAMP futile; (c) New Beginnings also never performed its contractual obligation to remove the existing stone base; (d) the Agreement of Sale remained in full force and effect, because Paragraph 18(D) gave JAMP the sole discretion to terminate the Agreement and John Piotrowski and Matthew Piotrowski both testified that JAMP never terminated the contract; and (e) specific performance is the only appropriate remedy, because New Beginnings clearly violated the Agreement of Sale when they refused to convey the Property, its refusal left JAMP without an adequate remedy at law, and it would be inequitable to deny JAMP specific performance under the circumstances?

JAMP's Concise Statement of Matters Complained of on Appeal, pp. 1-2.

4

## DISCUSSION

Under Pennsylvania law, when appellants raise an "outrageous" number of issues in their Pa. R.C.P. 1925(b) statement, they deliberately circumvent the meaning and purpose of Rule 1925(b) and, thereby, effectively preclude appellate review of the issues they seek to raise. *Jones v. Jones*, 878 A.2d 86, (Pa. Super. 2005). Here, JAMP has only raised two issues in its Statement of Matters Complained of on Appeal, however, the first Issue has eleven subsections, A through K, and the second Issue has five subsections, A through E. Throughout these subsections, JAMP makes numerous irrelevant arguments as this matter is one of contract interpretation, left to the discretion of the Court. While this Court is of the opinion that the sheer number of irrelevant subsections raised under these Issues effectively precludes appellate review, the Court addresses the substance of these Issues in this Opinion and asserts its position generally.

A.   This Court did not err in finding the Agreement of Sale is unambiguous and that there was a definitive closing date of October 1, 2016. Under Pennsylvania law, "the cardinal rule of contract construction is that the intent of the parties at the time they contracted is controlling. The intent of the contracting parties is exclusively determined from the written instrument if its words are 'clear and unambiguous'." *Spatz v. Nascone*, 424 A.2d 929, 937 (Pa. Super. 1981). "Where the words of a contract in writing are clear and unambiguous, its meaning is to be ascertained in accordance with its plainly expressed intent." *Atlantic Refining Co. v. Wyoming Nat'l Bank*, 51 A.2d 719 (Pa. 1947). A contract is unambiguous "if the court can determine its meaning without any guide other than a knowledge of the simple facts on which, from the nature of the language in general, its meaning depends; and a contract is not rendered ambiguous by the mere fact that the parties do not agree on the proper construction." *Samuel Rappaport Family Partnership v. Meridian Bank*, 657 A.2d 17, 22 (Pa. Super. 1995)(citing *Z & L Lumber Co. of Atlasburg v. Nordquist*, 502 A.2d 697 (Pa. Super. 1985)).

5

The present matter is one of pure contract interpretation. JAMP continually relied on its assertion that Paragraph 29(B) reading, in relevant part, "[s]ettlement in 30 days after township approval is granted and/or the current site contractor using the lot vacates the lot and buyer approves conditions," reflects a modification of the settlement date set by Paragraph 4(A). Complaint Ex. A. at ¶29(B). However, this Court found that the controlling paragraph in the Agreement of Sale is paragraph 4(A) which clearly states, "[s]ettlement date is October 1, 2016, or before if Buyer and Seller agree." *Id.* at ¶4(A). Further, Paragraph 5, specifically Paragraph 5(D), makes it clear that there is no ambiguity by clarifying, "[t]he settlement date is ***not extended by any other provision of this Agreement*** and may only be extended by mutual written agreement of the parties" (emphasis added). *Id.* at ¶5(D); *see also* N.T. at 242. It is explicitly written that the settlement date was October 1, 2016, and was not to be extended by any other provision of the Agreement of Sale. Thus, Paragraph 29(B) does not warrant an exception to Paragraph 4(A). Had the contingencies been fulfilled earlier than October 1, 2016, then settlement would have taken place thirty (30) days after township approval was granted and/or the site contractor vacated the lot and JAMP approved conditions. However, as written, the contingencies in Paragraph 29(B) had to have been fulfilled prior to October 1, 2016, as the settlement date was not to be extended.

Further, JAMP asserts numerous arguments that the parties themselves found the Agreement of Sale to be "ambiguous and unclear;" however, as previously stated, a contract is not rendered ambiguous simply because the parties disagree. *See Samuel Rappaport Family Partnership v. Meridian Bank,* 657 A.2d 17, 22 (Pa. Super. 1995). JAMP and New Beginnings executed the Agreement of Sale with a settlement date, of October 1, 2016, stated in plain language. Per Paragraph 5(B), the October 1, 2016 settlement date was "of the essence" and "binding." Complaint Ex. A. at ¶5(B). Again, the only exception to this date was clearly set forth by Paragraph 5(D) stating, "[t]he settlement date is not extended by any other provision of this Agreement and ***may only be extended by mutual written agreement of the parties***" (emphasis added). *Id.*

6

at ¶5(D). JAMP argues the Court's interpretation of the Agreement of Sale "leads to an absurd result" while failing to recognize that they executed and signed the Agreement of Sale to be interpreted this way. *See* JAMP's Concise Statement of Matters Complained at 1(j). Had the parties noted the existence of Paragraph 5(D) and intended the settlement date to be dependent on contingencies within Paragraph 29(B), they had the authority to modify the date and "re-write" their own agreement through a mutual written addendum. *Id.* at 1(i). Because there was no mutual written agreement extending the settlement date, it at all times remained October 1, 2016.

It is for the trial court to decide whether, as a matter of law, written contract terms are clear or ambiguous. *Samuel Rappaport Family Partnership v. Meridian Bank,* 657 A.2d 17, 22 (Pa. Super. 1995). The Court must look at the written word of the Agreement of Sale, not the subjective intent the parties may have had that failed to be evidenced by the writing. This Court found the provisions of the Agreement of Sale, read together in harmony, are unambiguous and clear as it could determine the meaning from the nature of the language in general, without any other guide. According to its plainly expressed intent, the settlement date was October 1, 2016, and was not extended by any other provision of the Agreement of Sale nor did a mutual writing extending the settlement date exist. Thus, the Agreement of Sale expired on this date of October 1, 2016.

Additionally, JAMP argues consideration of parol evidence was necessary. Under Pennsylvania law, parol evidence is only admissible where the language of a written agreement is ambiguous on its face, to explain the agreement and resolve ambiguities to ascertain the meaning of the parties. *Baney v. Eoute,* 784 A.2d 132, 136 (Pa. Super. 2001). Again, because the Agreement of Sale was found to be unambiguous, at the discretion of this Court, parol evidence cannot be introduced.

B.   This Court did not err because specific performance of the Agreement of

7

Sale was not ordered. Under Pennsylvania law, a decree of specific performance will be granted only if a plaintiff clearly is entitled to such relief, there is no adequate remedy at law, and the trial court believes that justice requires such a decree. *Oliver v. Ball*, 136 A.3d 162 (Pa. Super. 2016). An action for damages is an inadequate remedy when there is no method by which the amount of damages can be accurately computed or ascertained. *Strank v. Merch Hospital of Johnstown*, 117 A.2d 697 (Pa. 1955).

This Court determined that the Agreement of Sale between the parties expired on October 1, 2016, as the parties failed to close by the settlement date. Further, because there was no tender of settlement by JAMP, as buyer, prior to this date of October 1, 2016, New Beginnings, as seller, was not obligated to sell the Property. N.T. at 242-243. New Beginnings is no longer willing to settle, and so this Court found JAMP is entitled to a return of its $10,000 (ten thousand dollar) deposit. *Id.* Therefore, the amount of damages, $10,000 (ten thousand dollars), was accurately computed and the return of the deposit is an adequate remedy at law. Because JAMP was granted an adequate remedy of its damages, it would be improper for this Court to grant a decree of specific performance.

CONCLUSION

For the reasons stated above, JAMP's appeal should be quashed or denied.

BY THE COURT:

_____
JAMES M. MCMASTER    J.

1-11-22
_____
DATE

N.B. It is responsibility to notify listed parties of the above action.

8